Robert W. Pursell, Pro se
501 Frenchtown Rd.
Milford, NJ 08838-2220
(908) 995-2884

and

Sandra M. Coia, Pro se
26-4 Bowling Green Court
Morrisville, PA 19067-1200
(267) 566-7405

RECEIVED

MAR 1 4 2013

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**United States District Court**
**District of New Jersey**

---

**Robert W. Pursell,**
**and**
**Sandra M. Coia,**

                                    **Plaintiffs,**

        -versus-                                    **Verified Complaint**
                                                    **and**
                                                    **Demand For Jury Trial**

**Dianne Spence-Brown, Dennis Reiter,**
**Anthony Miskowski, Communications**
**Workers of America Local 1033,**
**International Brotherhood of Teamsters,**
**Local 115, International Brotherhood of Teamsters,**
**Communications Workers of America,**
**AFL-CIO, and Communications**
**Workers of America Savings and Retirement**
**Trust**

                                    **Defendants**

---

Plaintiff Robert W. Pursell residing at 501 Frenchtown Road, Milford, NJ and plaintiff Sandra M. Coia, residing at 26-4 Bowling Green Court, Morrisville, PA, hereby complain of defendants as follows:

1.  This is an action for declaratory and injunctive relief, legal and equitable relief and for damages to redress violations of Section 101(a)(2), Section 101(a)(5), and Section 501(a)(b) and (c) of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 159(a), 29 U.S.C. § 411(a)(2), and Section 301(a)(b) 29 U.S.C. § 185 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141(b), Sections 404(a), 406(a)(b), 409(a)(b), 502(a)(1)(B), 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 185, 29 U.S.C. § 1104(a),

§1106(a)(b), §1109(a)(b), §1132(a)(1)(B), § 1132(a)(3), and § 1145 and New Jersey law. Said violations arose from defendants' violation of plaintiff Pursell and plaintiff Coia's right to engage in concerted protected activity as well as their right to exercise their freedom of speech and assembly under the LMRDA. The defendants' violation of rights include the termination of plaintiff Pursell, the suspension of plaintiff Coia, the exclusion of plaintiff Pursell and plaintiff Coia from coverage under the Collective Bargaining Agreement, the infringement of rights under Title1, the LMRDA Bill of Rights, and the violation of ERISA provisions. This is a hybrid Section 301 suit under the LMRA charging the Union, Teamsters Local 115 with a breach of the duty of fair representation and a breach of contract and violation of the terms of the Collective Bargaining Agreement by the Employer, CWA Local 1033.

2.      Plaintiff's causes of actions arise under LMRDA 29 U.S.C. § 102, 29 U.S.C. § 401 and § 412, LMRA 29 U.S.C. § 141, 29 U.S.C. 159(a), Section 301(a)(b), 29 U.S.C. § 185, ERISA, 29 U.S.C. § 1104, § 1106, § 1109, § 1132, and § 1145, New Jersey common law and the Declaratory Judgment Act, and 28 U.S.C. §§ 2201-02 and 28 U.S.C. § 1391.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of plaintiff's causes of action pursuant to LMRA Section 301, 29 U.S.C. § 185, LMRDA Section 102, 29 U.S.C. § 412, ERISA Section 502, 29 U.S.C. 1132(a) and 28 U.S.C. §§ 1331, 1332, 1337, 1367 and 1391. Plaintiff's claims under New Jersey law are so related to their federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue lies within this District because (a) the violations set forth herein and the events and omissions giving rise to the plaintiff's claims occurred in this District, (b) the principal office of the defendant Local 1033 is located in this District, (c) one or more defendants reside in this District and (d) one or more defendants may be found in this District.

5.      Plaintiffs demand a trial by jury of all issues triable as of right by a jury.

## PARTIES

### PLAINTIFFS

6.      Plaintiff Pursell became a member of CWA over 33 years ago and has been a member in good standing continuously since 1980. On 3-31-09, plaintiff Pursell retired from his position as New Jersey Area Director for CWA District One, a part of the CWA National Union covering New Jersey, New York and the New England states. On 4-1-09 plaintiff Pursell began his employment with CWA Local 1033, a subordinate body of the CWA National Union. CWA Local 1033 represents approximately 7,000 New Jersey State employees in 4 different collective negotiation units in Mercer County, New Jersey. Pursell was hired as a Staff Representative for CWA Local 1033 on 4-1-09 and worked full time until his termination on 10-26-12. From 4-1-09 to 7-3-12, Pursell's immediate supervisor was Rae Roeder, President of CWA Local 1033. On or about 7-3-12, President Roeder went on extended medical leave and, as of the date of this complaint, has continued on an extended leave of absence. Members of CWA Local 1033, concerned

that Rae Roeder would not return to work, began to ask Pursell and encourage Pursell to become President of CWA Local 1033 if and when Rae Roeder resigned or retired. Almost immediately after Rae Roeder's medical leave began, the terms and conditions of employment of plaintiff Pursell began to be unilaterally altered by Defendants Anthony Miskowski, Secretary of CWA Local 1033, Treasurer Dennis Reiter and Executive Vice President Dianne Spence-Brown. On or about 8-17-12, plaintiff Pursell's pay was docked without his permission. By mid-August of 2012, the Secretary and Treasurer of CWA Local 1033 began proposing hours of work and changes to the salary of Pursell which were adverse to Pursell's interests. On 9-18-12, management of CWA Local 1033 informed Pursell his existing employment arrangement was no longer acceptable to CWA Local 1033 and he was told he could either seek employment elsewhere or sign an agreement put together by Defendants Miskowski, Reiter and Spence-Brown. Said agreement contained statements tantamount to an admission of guilt, had a signature line which, if signed, indicated it was a decision of the CWA Local 1033 Executive Board which was not true and was a violation of the Maintenance of Standards Article of the CBA between defendant Teamsters Local 115 and defendant CWA Local 1033. Plaintiffs Pursell and Coia had recently obtained a copy of the Collective Bargaining Agreement (CBA) between Defendants Teamsters Local 115 and Defendant CWA Local 1033. On 9-19-12, plaintiff Pursell and Coia met with Jim Smith, Secretary Treasurer of Defendant Teamsters Local 115. Jim Smith read relevant portions of the CBA, interviewed plaintiffs Pursell and Coia and was satisfied plaintiffs should be in Teamsters Local 115. Jim Smith asked the plaintiffs to sign membership cards for Teamsters Local 115, which plaintiffs did sign in Jim Smith's presence. On 10-18-12, plaintiff Pursell received a letter terminating his employment. Plaintiff Pursell asked Teamsters Local 115 to file a grievance over the termination but defendant Teamsters Local 115 refused to file a grievance. Numerous requests by Pursell were made between 10-19-12 and 1-4-13. Teamsters Local 115 never filed a grievance on behalf of Pursell over CWA Local 1033's termination of his employment. Plaintiff Pursell was also discriminated against for exercising his right to run for union office and for expressing positions regarding the lack of democratic operations of CWA Local 1033. Defendants Spence-Brown, Reiter and Miskowski retaliated against Pursell for his exercise of what the defendants considered Pursell's dissident union activity. Despite the clear language of the CBA negotiated by defendants CWA Local 1033 and Teamsters Local 115, Pursell was denied those negotiated benefits. Defendant Teamsters Local 115 was grossly negligent, arbitrary, capricious, and discriminatory towards plaintiff Pursell. Teamsters Local 115 acted in bad faith and was dishonest by excluding Pursell from the negotiated benefits of the CBA. Teamsters Local 115's refusal to file a grievance over Pursell's termination was improperly motivated, not based on a rational analysis of the merits of Pursell's grievance. Pursell, despite making repeated requests for the rational basis of the denial of Teamsters Local 115 to file a grievance on his behalf, never received a rational explanation for the Teamsters Local 115's refusal to grieve his termination and represent Pursell as required by the LMRA. Defendant Teamsters Local 115, by refusing to grieve the termination, violated the duty of fair representation and defendant CWA Local 1033, by terminating Pursell without just cause and sufficient cause as required in Article XII, violated the provisions of the CBA. Defendant Teamsters Local 115 and defendant CWA Local 1033 conspired to deprive Pursell of the benefits of the negotiated CBA, including, but not

limited to, the Recognition Article, Maintenance of Standards Article, Union Security Article and coverage under the 401(k) under the Compensation Plan and Program Article. Employer CWA Local 1033 entered into an oral agreement with Pursell, and other employees of CWA Local 1033 in violation of paragraph 2 of the Maintenance of Standards Article, which prohibited any other employment agreement, written or oral, which conflicted with the terms and provisions of the CBA. Defendant Teamsters Local 115 conspired with the employer to deprive plaintiff Pursell and at least 6 other employees of CWA Local 1033 of the rights and privileges of the CBA. Teamsters Local 115, prior to 9-19-12, never approached plaintiff Pursell to become a member of the Union despite the obligation defendant Teamsters Local 115 has in the Union Security Article of the CBA.

7.     Plaintiff Sandra M. Coia was hired by CWA Local 1033 in August of 2004 as an Education Planner and performed Staff Representative duties for defendant CWA Local 1033. Prior to her employment with CWA Local 1033, plaintiff Coia was employed by the State of New Jersey, Dept. of Education for 18 years. On or about June of 2007, plaintiff Coia attempted to join Teamsters Local 115 but President Roeder threatened to terminate her if she joined Teamsters Local 115. When President Roeder went out on her current medical leave, plaintiff Coia had numerous conversations with defendant Spence-Brown in which plaintiff Coia expressed her desire to join Teamsters Local 115. In late August, 2012, plaintiff Coia found a copy of the current CBA. Upon reading the CBA, plaintiff Coia discussed with plaintiff Pursell the benefits of them joining Teamsters Local 115. During this period of time, the employer was becoming increasingly hostile to plaintiff Coia and the terms and conditions of both plaintiffs were being unilaterally altered. Plaintiffs Coia and Pursell conducted salary research into the wages of each and every employee of CWA Local 1033 to determine how to address salary disparities by defendant CWA Local 1033. On 9-18-12, plaintiff Coia was summoned into an interrogation session by defendant Spence-Brown. Defendants Spence-Brown, Reiter and Miskowski spent 2 hours interrogating plaintiff Coia, belittling her, making unfounded accusations, discouraging her from exercising protected activities, retaliating against her for engaging in concerted protected activities and subjecting her to a hostile work environment. Defendants told plaintiff Coia they wanted to fire plaintiff Pursell in violation of the LMRA and LMRDA because he wanted to run for President, and that plaintiff Coia would be fired if she told plaintiff Pursell of their plans. Defendants also threatened to fire plaintiff Coia if dissident union activist Jesse Averhart found out about the "sensitive salary information" plaintiff Coia had compiled about all the employees of defendant CWA Local 1033. Immediately after the 9-18-12 interrogation, plaintiff Coia left work on sick leave and has been out of work continuously to date on a work related stress leave, with the exception of a few hours on 10-9-12 and a day of work on 10-18-12. On 9-19-12, plaintiff Coia met with Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115 and signed a membership card joining the Union. On 9-20-12, when plaintiff Coia's daughter picked up her paycheck at defendant CWA Local 1033's office, included with the paycheck was a written notice of a 3 day suspension as a result of the 9-18-12 interrogation and a threat of further disciplinary action pending an investigation. On 10-9-12, plaintiff Coia and Pursell met with Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115 and asked Smith to file a grievance over the 3 day suspension. In violation of the duty of fair representation, Teamsters Local 115 refused to

file a grievance over the suspension and violation of her exercise of concerted protected activity and contractual rights under the CBA. Plaintiff Coia is also a participant in the defendant CWA Savings and Retirement Trust. In early October, 2012, plaintiff Coia discovered that defendant CWA Local 1033 was not making employer contributions to her 401(k) in the correct amount or in a timely manner. In addition, plaintiff Coia discovered voluntary contributions to the 401(k) had been deducted from her paycheck, but had not been credited to her 401(k) account in a timely manner. In many instances, the voluntary contributions were not credited to her 401(k) account for many weeks or months. Plaintiff Coia notified defendant CWA Local 1033, through its Accountant, Lewis Schiffern, of the delinquent contributions to which his response was that defendant Reiter, Treasurer of defendant CWA Local 1033, "…was too busy" to deposit the contributions in a timely manner and that delinquent contributions to the 401(k) was systemic and happening to all employees, not just plaintiff Coia. From the beginning of her work related medical leave for stress, defendant Teamsters Local 115 has failed to provide any representation to plaintiff Coia over her work related stress leave. Defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033 have harassed, intimidated, coerced and retaliated against plaintiff Coia for exercising her rights under the CBA relative to her sick leave, sick leave injury, and health benefits. Defendant Spence-Brown repeatedly called plaintiff Coia during her work related stress leave demanding plaintiff comply with her demands or forfeit her job. During plaintiff Coia's work related stress leave, plaintiff Coia provided numerous medical certificates from multiple doctors documenting her illness. In November, 2012, plaintiff Coia suffered cardiac problems as a result of defendants Spence-Brown, Reiter and Miskowski's harassment and intimidation over plaintiff's exercise of her civil rights.

**DEFENDANTS**

8.      Defendant Dianne Spence-Brown is Executive Vice President of CWA Local 1033 and a member of the CWA Local 1033 Executive Board. Under the Bylaws of defendant CWA Local 1033, in the absence of President Rae Roeder, defendant Spence-Brown, as Executive Vice President, is supposed to preside over the business of CWA Local 1033. From 7-5-12 through 9-7-12, however, defendant Spence-Brown was a full time employee of the State of New Jersey and was not presiding over the business of CWA Local 1033. Defendant Dianne Spence-Brown is sued in both her individual and official capacities. Her office is located on the first floor of 321 West State Street, Trenton, NJ 08618.

9.      Defendant Dennis Reiter is Treasurer of CWA Local 1033 and a member of the CWA Local 1033 Executive Board. He was formerly employed by the New Jersey Department of Education but is now retired and works 2 days a week for CWA Local 1033. Defendant Reiter is sued in both his individual and official capacities. His office is located on the second floor of 321 West State Street, Trenton, NJ 08618

10.      Defendant Anthony Miskowski is Secretary of CWA Local 1033 and a member of the CWA Local 1033 Executive Board. He is an employee of the State of New Jersey, Department of State, New Jersey State Museum. Defendant Miskowski is sued in both his individual and official capacities. His office is located on the second floor of 321 West State Street, Trenton, NJ 08618.

11. Defendant CWA Local 1033 is an employer as defined in the LMRDA, 29 U.S.C. 402 § 3(a). CWA Local 1033 is a subordinate body of the Communications Workers of America. CWA Local 1033 employs approximately 13 employees. Defendant CWA Local 1033 is a party to the collective bargaining agreement with defendant Teamsters Local 115. Defendant CWA Local 1033 is also a party in interest (fiduciary and employer) to the CWA Local 1033's pension benefit program operated by defendant CWA Savings and Retirement Trust. CWA Local 1033 is located at 321 West State Street, Trenton, NJ 08618

12. Teamsters Local 115 is a labor organization as defined in the LMRDA, 29 U.S.C. 402 § 3(i). Teamsters Local 115 is a party to the collective bargaining agreement with defendant CWA Local 1033. Teamsters Local 115 is located at 2833 Cottman Avenue, Philadelphia, Pa. 19149.

13. International Brotherhood of Teamsters is a labor organization as defined in the LMRDA, 29 U.S.C. 402 § 3(i). The International Brotherhood of Teamsters is the parent organization for defendant Teamsters Local 115. The International Brotherhood of Teamsters is located at 25 Louisiana Avenue, N.W., Washington, D.C. 20001.

14. Communications Workers of America (CWA) is a labor organization as defined in the LMRDA, 29 U.S.C. 402 § 3(i). CWA is the parent organization of defendant CWA Local 1033 and is responsible for ensuring the subordinate body complies with the CWA National Union's Constitution, the Bylaws of its subordinate, CWA Local 1033, as well as all rules, regulations, policies and procedures of CWA and CWA Local 1033. In addition, defendant CWA is responsible for ensuring that subordinate body, defendant CWA Local 1033, comply with all Federal and State laws. CWA is located at 501 Third Street, N.W., Washington, D.C. 20001-2797. Plaintiff Pursell has an appeal of the violation of CWA's Constitution, the violation of the Bylaws, policies and practices of CWA Local 1033 and the violation of the CWA Policy on Mutual Respect, which prohibits all forms of discrimination and prohibits retaliation against CWA members for exercising their rights.

15. Communications Workers of America Savings and Retirement Trust (CWA SRT) is an employee pension benefit plan as defined by ERISA, 29 U.S.C. § 1002(2). CWA SRT is located at 501 Third Street, N.W., Washington, D.C. 20001.

## STATEMENT OF FACTS

16. Defendants CWA Local 1033 and Teamsters Local 115 have a collective bargaining agreement (CBA) covering the period 7-1-07 through 6-30-11. The CBA has a provision at Article XXXIII that continues the contract from year to year thereafter unless either of the parties gives the other party 60 days notice of an intention to terminate the agreement. Neither party has announced an intention to terminate the agreement. Under labor law, the terms and conditions of an expired contract remain in effect until a successor agreement is negotiated.

17. Defendants CWA Local 1033 and Teamsters Local 115, in Union Recognition Article II of the CBA, have agreed that Teamsters Local 115 is the sole and exclusive representative of all full and part-time non-managerial, non-officer employees of CWA Local 1033.

18.     Plaintiff Robert Pursell, from his date of hire until his termination on 10-26-12, was a full time non-managerial, non-officer employee of defendant CWA Local 1033 and plaintiff Sandra Coia, from her date of hire until present is a full time non-managerial, non-officer employee of defendant CWA Local 1033.  At no time during their employment with defendant CWA Local 1033 were either plaintiffs ever referred to as "confidential" or "managerial executive".

19.     Plaintiff Pursell was hired with the understanding that his salary would not exceed $85,000 since any salary beyond that would require payment to his former employer, defendant CWA National Union, of the full amount of his health benefits in retirement. The value of plaintiff's health benefits in retirement was approximately $15,000.  If plaintiff Pursell exceeded the $85,000 salary threshold, either plaintiff Pursell or defendant CWA Local 1033 would be required to pay the cost of his retiree health benefits for the year or Pursell would have to be placed on defendant CWA Local 1033's health insurance program.

20.     Defendants CWA Local 1033 and Teamsters Local 115, in Maintenance of Standards, Article IV, paragraph 2 of the CBA have both agreed that the employer (CWA Local 1033) agrees not to enter into any other agreement or contract, written or oral, with its employees, individually or collectively, which in any way conflicts with the terms and provisions of the CBA.

21.     Defendants CWA Local 1033 and Teamsters Local 115, in Union Security, Article V of the CBA agreed that all employees, within 30 days of hire, must become and remain members in good standing of Teamsters Local 115 as a condition of employment.

22.     On or about 7-3-12, the President of defendant CWA Local 1033, Rae Roeder went on a leave of absence and, to date, has not returned to work. From 7-3-12 forward, the political dynamics shifted within defendant CWA Local 1033 as a result of a power vacuum created by the absence of Rae Roeder.  For more than 2 months after 7-3-12, plaintiffs Pursell and Coia, and the other non-officer employees of defendant CWA Local 1033 did not have an immediate supervisor on a daily basis.  As defendant Reiter and Miskowski attempted to fill the power vacuum created by the absence of Rae Roeder, the terms and conditions of plaintiffs Pursell and Coia began to be changed unilaterally and the plaintiffs decided to seek protection through defendant Teamsters Local 115.

23.     On 9-10-12, defendant Spence-Brown began working full time with defendant CWA Local 1033. Although she was to assume the duties of the President while on leave, the decisions regarding the day to day operation of defendant CWA Local 1033 were actually being made by defendant Miskowki primarily, with defendant Reiter's input since defendant Reiter only worked, at most, two days a week.

24.     In July and August of 2012, plaintiffs Pursell and Coia began performing salary research at the request of defendant Spence-Brown. As plaintiffs Pursell and Coia looked at the salary disparities in defendant CWA Local 1033, it became apparent to them that there was inherent unfairness in the salaries paid to staff and officers of defendant CWA Local 1033.  Plaintiffs put together a spreadsheet to demonstrate the salary inequities of the staff.

25.     On 8-17-12, plaintiffs Pursell and Coia's hours of work were reduced due to allegedly returning to work late from lunch on two occasions. Defendants Spence-Brown, Reiter and Miskowski did not speak to either plaintiff about the alleged lateness in question and

neither Pursell or Coia were provided a hearing or due process before having their pay and leave time docked by defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033

26.     In mid to late August of 2012, plaintiffs Pursell and Coia protested the new practice of employees leaving work at 4:45 p.m. while officially putting on their time sheets that they left at 6:00 p.m.

27.     During mid to late August, plaintiff Pursell's salary and hours of work were an issue of dispute between Pursell and defendants Spence-Brown, Reiter and Miskowski.

28.     On 9-13-12, defendant Spence-Brown, in a conversation with plaintiffs Pursell and Coia, accused plaintiffs of working with dissident union member Jesse Averhart in an attempt to get defendant CWA Local 1033 placed in trusteeship by the National Union. Defendant Spence-Brown further discouraged plaintiffs from going to defendant Teamsters Local 115 to assert their rights under the CBA. Defendant Spence-Brown called defendant Teamsters Local 115 a "corrupt" organization that she refused to work with and discouraged plaintiffs from exercising concerted protected activity by approaching defendant Teamsters Local 115.

29.     Jesse Averhart is a former Executive Vice President of defendant CWA Local 1033 and has filed numerous internal charges against defendants Reiter and Miskowski and CWA Local 1033. Jesse Averhart is considered a dissident union member by defendants Spence-Brown, Reiter and Miskowski. Jesse Averhart is also a plaintiff in a pending action in U.S. District Court involving defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033. Defendants Reiter, Miskowski and CWA Local 1033 have made numerous false statements regarding Jesse Averhart in his internal appeals and previous and pending lawsuits against defendants Reiter, Miskowski and CWA Local 1033.

30.     At no time during his employment with defendant CWA Local 1033 was plaintiff Pursell provided an application for membership in Teamsters Local 115 or advised that membership in Teamsters Local 115 was a condition for continued employment with defendant CWA Local 1033. On 9-19-12, defendant Teamsters Local 115 accepted his membership and was told he was now protected by virtue of his Teamster Local 115 membership. Pursell offered to pay Teamsters Local 115's initiation fee and dues on 9-19-12, but Jim Smith, Secretary/Treasurer of Teamsters Local 115 told Pursell it wasn't necessary to pay dues and initiation fee that day.

31.     Plaintiff Sandra Coia, on or about May of 2007 was threatened with termination by President Rae Roeder if Coia joined Teamsters Local 115. On 9-19-12, Coia signed a membership card and was accepted as a member of Teamsters Local 115. Plaintiff Coia was told by Jim Smith that upon signing the Teamster Local 115 membership card that she was now protected by union membership. Plaintiff Coia offered to pay Teamsters Local 115's initiation fee and dues on 9-19-12, but Jim Smith, Secretary/Treasurer of Teamsters Local 115 told Coia it wasn't necessary to pay dues and initiation fee that day.

32.     On 10-9-12, plaintiff Coia attempted to return to work from her work related stress leave. Coia was told by defendant Spence-Brown to leave the premises of defendant CWA Local 1033 and that she had to serve the 3 day suspension that was imposed on her after the 9-18-12 interrogation. Plaintiff Coia was not afforded any due process or hearing by defendant CWA Local 1033 prior to being ordered to serve the 3 day suspension.

33.     On 10-9-12, defendant Spence-Brown engaged in an angry tirade about plaintiffs Pursell and Coia approaching Teamsters Local 115 and blamed Pursell and Coia for causing a disruption in the operation of defendant CWA Local 1033 over the

plaintiffs' assertion of their rights under the CBA and the exercise of their concerted protected activity.

**34.**     On 10-9-12, plaintiffs Pursell and Coia met with Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115. Coia requested Teamsters Local 115 file a grievance over the imposition of the 3 day suspension. Defendant Teamsters Local 115 refused to file a grievance over the 3 day suspension. Plaintiffs Pursell and Coia implored defendant Teamsters Local 115 to meet with defendants Spence-Brown, Reiter and Miskowski to resolve the outstanding issues of Union Recognition, Maintenance of Standards and Union Security.

**35.**     On 10-12-12, upon returning from an unpaid leave of absence, plaintiff Pursell found a memo dated 10-5-12 from defendants Spence-Brown, Reiter and Miskowski. The memo announced that defendants had unilaterally taken 36 hours of compensatory time off from plaintiff's compensatory time balance and applied to the unpaid leave plaintiff Pursell had just utilized on September 19th, 27th, 28th and October 2nd and 3rd. The taking of the compensatory time off was in direct contravention of a directive issued by defendant Spence-Brown on 8-16-12. Applying the compensatory time off towards Pursell's unpaid leave time placed Pursell closer to the $85,000 salary threshold which plaintiff Pursell had operated under for the three and a half years of his employment with CWA Local 1033. Once reaching the $85,000 salary threshold, plaintiff Pursell would either need to stop working for the year or earn compensatory time off to be used in a subsequent calendar year. Converting the 35 hours of compensatory time off to salary brought the $85,000 salary threshold sooner than otherwise would have occurred and aided defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033's goal of terminating the employment of plaintiff Pursell.

**36.**     On 10-16-12, plaintiff Coia sent a 7 page letter to the U.S. Dept. of Labor, Division of Technical Assistance and Inquiries, Employee Benefits Security Administration regarding significant problems with defendant CWA Local 1033's participation and administration of the CWA Local 1033's 401(k) in the CWA Savings and Retirement Trust. This letter charges defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033 with numerous violations of ERISA. Plaintiff Coia charged that CWA Local 1033 is in violation of non-exempt prohibited transactions, failure to deposit voluntary contributions to the 401(k) in a timely manner, disparity in the participation of the 401(k), and delinquent deposit of employer and employee contributions to the respective employee's account. The violations have resulted in significant lost investment earnings for participants in the 401(k). The letter ends by asking the U.S. Dept. of Labor to investigate the charges and seeks protection against retaliation by defendants for exposing the ERISA violations.

**37.**     On 10-18-12, plaintiff Coia returned to work and was instructed by defendant Spence-Brown to sit at the reception desk of defendant CWA Local 1033's office. Despite Coia having a Bachelor Degree, she was treated as a support staff employee by defendants in violation of the CBA. The treatment of plaintiff Coia by defendant Spence-Brown and CWA Local 1033 caused plaintiff Coia to suffer a relapse and resume her work related stress leave. Plaintiff Coia was subsequently referred by her primary care physician to the emergency room where she was admitted and diagnosed with cardiac problems, which the Cardiologist diagnosed as work related.

38.    On 10-18-12, plaintiff Pursell was handed an envelope by Office Administrator Pat Stetler. Inside the envelope was Pursell's paycheck and a letter from defendants Spence-Brown, Reiter and Miskowski terminating his employment effective 10-26-12, which only provided plaintiff Pursell with 8 days advance notice of his last day of work.

39.    On 10-18-12, plaintiff Sandra Coia sent 2 faxes to defendant Teamsters Local 115. The first fax requested Jim Smith provide immediate representation to plaintiffs Pursell and Coia over the unilateral changes to Coia's working conditions and the termination of Pursell. The second fax complains about defendant Teamsters Local 115's failure to enforce the CBA, the changes to Coia's job duties, the unjust discipline of Coia and the termination of Pursell. The fax continues with complaints about Teamsters Local 115's failure to notify defendant CWA Local 1033 of plaintiffs' membership in Teamsters Local 115. The fax concludes by pointing out that both defendant Teamsters Local 115 and defendant CWA Local 1033 have failed to abide by the CBA.

40.    On 10-19-12, plaintiff Pursell sent an email to Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115. The email, which is also mailed to defendant Teamsters Local 115 by U.S. Mail, certified, return receipt requested, complains of the failure of defendant Teamsters Local 115's to provide representation to plaintiffs Pursell and Coia. The email and letter point out numerous violations of the CBA and violation of plaintiffs' rights. The email and letter requests defendant Teamsters Local 115 file a grievance on behalf of plaintiff Pursell for his termination and a grievance on behalf of plaintiff Sandra Coia for her 3 day suspension. The email and letter specifically blames defendant Teamsters Local 115 of a breach of the duty of fair representation and defendant CWA Local 1033 for violation of the CBA. The email and letter also asserts that defendant Teamsters Local 115 was complicit in the termination of plaintiff Pursell's termination.

41.    On 10-19-12, Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115 responds to plaintiff Pursell's 10-19-12 email by stating he will not get involved in CWA Local 1033's internal politics and accuses plaintiff Pursell of conspiring with President Rae Roeder of defendant CWA Local 1033 to avoid being covered under the CBA. Smith further tells plaintiff Pursell that he should pursue CWA internal appeal procedures regarding the termination. The email is clear that defendant Teamsters Local 115 will not file grievances over either plaintiff Coia's 3 day suspension or plaintiff Pursell's termination.

42.    On 10-21-12, plaintiff Pursell sends an email to Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115 telling him that Pursell is not asking Smith to get involved in the internal politics of defendant CWA Local 1033. Pursell points out that, based on the advice of Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115, plaintiff Pursell did not sign the 9-18-12 "decision of the Executive Committee" and that plaintiff Pursell relied upon Smith's advice to his detriment since Pursell was now terminated. Plaintiff Pursell pointed out defendant Teamsters Local 115's duty of fair representation and stated that defendant Teamsters Local 115's refusal to file a grievance over plaintiff Pursell's termination would be a breach of the duty of fair representation.

43.    On 10-21-22, Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115 writes plaintiff Pursell and states "You created your own mess, so don't blame me."

44.    10-26-12 was plaintiff Pursell's last day of work. Plaintiff repeatedly requested a meeting with defendants Spence-Brown, Reiter and Miskowski to resolve the issues

surrounding his termination. Defendants would not meet with plaintiff until after his last
day of work.

**45.**       On 10-31-12, plaintiff Pursell sends Jim Smith, Secretary/Treasurer of defendant
Teamsters Local 115 an email accusing defendant Teamsters Local 115 of being arbitrary
and capricious about their decision to not pursue grievances on behalf of plaintiffs Pursell
and Coia. The email requests a rational explanation for defendant Teamsters Local 115's
decision not to pursue grievances since both grievances are meritorious and defendant
Teamsters Local 115 has an obligation, in good faith and in a non-arbitrary manner make
a decision on the merits of the grievances not just claim "...you created your own mess..."
The letter asks for the analysis regarding the grievances and questions the motivation of
defendant Teamsters Local 115's decision not to file grievances on behalf of plaintiffs.
The email further asks for copies of the defendant Teamsters Local 115's Bylaws and
defendant Teamsters International's Constitution in order to appeal the decision of Jim
Smith, Secretary/Treasurer of defendant Teamsters Local 115 not to file grievances on
behalf of the plaintiffs.

**46.**       On 11-1-12, plaintiff Pursell gives a 2 page memo to defendants Spence-Brown,
Reiter and Miskowski contesting the decision to terminate plaintiff Pursell. This memo
provides several reasons why the 9-18-12 decision of the "Executive Board" was not
signed. A meeting is held on this same date with defendants Spence-Brown, Reiter and
Miskowski where plaintiff Pursell requests the decision to terminate his employment be
rescinded. Defendants Spence-Brown, Reiter and Miskowski refuse to rescind the
termination of plaintiff Pursell claiming "it is too late". Plaintiff Pursell accuses
defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033 of terminating him
because they believed he was a candidate for office, that they believed plaintiff Pursell
was a dissident associated with Jesse Averhart and that plaintiff Pursell was discriminated
against for exercising concerted protected activity. At no time did any of the defendants
ever claim plaintiff Pursell was a confidential or managerial executive and not entitled to
engage in concerted protected activity. The 11-1-12 meeting ended with defendant
Spence-Brown engaging in an emotional outburst and laughing in the face of plaintiff
Pursell that she still had a job and bragging in the face of plaintiff Pursell that "you have
no job!"

**47.**       On 11-2-12, plaintiff Pursell once again sent a certified, return receipt requested letter
to Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115. This letter accuses
Smith of being capricious for claiming plaintiff Pursell "...created your own mess, so
don't blame me..." Plaintiff Pursell points out that the Recognition Article of the CBA
clearly covers him and that both Pursell and plaintiff Coia have been deprived of the
protection of the CBA. The letter repeats the 10-31-12 request for a copy of Teamsters
Local 115's Bylaws and a copy of the Teamsters Constitution in order for plaintiffs to
pursue internal remedies within the Teamsters. The letter repeats plaintiffs earlier request
that the plaintiffs meritorious grievances be acted upon in good faith and in a non-arbitrary
manner. The letter accuses Jim Smith, Secretary/Treasurer of Teamsters Local 115 of
being biased against plaintiffs and requests Smith provide plaintiffs with information and
the procedures for appealing his decision denying plaintiffs' request to file grievances on
their behalf.

**48.**       On 11-9-12, plaintiffs Pursell and Coia filed internal CWA charges against
defendants Spence-Brown, Reiter and Miskowski. The 11 pages of charges cite various

provisions of the CWA Constitution and were filed with Annie Hill, Secretary/Treasurer of CWA National Union in Washington, D.C. These charges include various claims that defendants breached their fiduciary responsibilities as officers of the local. The charges include misappropriation of money and property of CWA Local 1033, failing to comply with the CWA Constitution, CWA Local 1033 Bylaws and the rules and practices of CWA and CWA Local 1033. The charges also cites the 3 day suspension of plaintiff Coia and the termination of plaintiff Pursell as violations of the CWA Constitution, CWA Local 1033 Bylaws and the rules, policies and practices of CWA Local 1033. The letter concludes with a demand that CWA sue to recover damages or secure accounting or other appropriate relief of the violations contained in the charges. The charges were accompanied by 15 different exhibits documenting the charges.

49.     On 11-13-12, plaintiff Pursell filed an internal appeal with CWA Local 1033 citing various violations of the CWA Constitution, CWA Local 1033 Bylaws and the CWA Policy on Mutual Respect. This was a 20 page appeal to the CWA Local 1033 Executive Board of the decision to terminate the employment of plaintiff Pursell. The appeal covers the events that took place leading up to the termination of plaintiff Pursell. Despite the CWA Constitution's requirement that appeals be placed on the agenda of the next regularly scheduled general membership meeting, plaintiff Pursell's appeal was not placed on the agenda for the membership meeting of 11-15-12. The next regularly scheduled meeting of the CWA Local 1033 Executive Board was 12-11-12, yet plaintiff Pursell's appeal was not placed on that meeting's agenda either. At a meeting of the CWA Local 1033 Executive Board on 12-18-12, there was apparently some discussion of plaintiff Pursell's appeal, but plaintiff Pursell was not notified that his appeal would be entertained or discussed at that meeting.

50.     On 11-28-12, plaintiff Pursell sent a request to defendant Miskowski, Secretary of defendant CWA Local 1033 requesting copies of minutes and a copy of the digital recording of the 9-18-12 interrogation of plaintiff Coia in anticipation of his 11-13-12 appeal being heard by the CWA Local 1033 Executive Board on 12-11-12.

51.     On 11-29-12, plaintiffs Pursell and Coia went to the Region 04 office of the National Labor Relations Board and were interviewed by Blaine Patterson, Board Agent. Based on the interview of plaintiffs, Board Agent Patterson drafted Unfair Labor Practice charges against defendant Teamsters Local 115 and defendant CWA Local 1033. Board Agent Patterson also indicated there may be a hybrid Section 301 suit based on the results of his interview. Due to the damage from Hurricane Sandy, the NLRB Region 22 office, which is located in Newark, NJ referred plaintiffs on the website to Region 04 in Philadelphia.

52.     On 12-3-12, the NLRB notified plaintiffs of the docket numbers of the Unfair Labor Practice charges (CWA Local 1033 - Case 04-CA-094020 and Teamsters Local 115 – Case 04-CB-094016. The NLRB letter advised that Noelle M. Reese, Field Attorney for the NLRB, was assigned to investigate the charges.

53.     On 12-3-12, plaintiff Pursell sent a certified, return receipt requested letter to defendant Miskowski, Secretary of defendant CWA Local 1033, reiterating his request for information and

54.     On 12-6-12, defendants Spence-Brown, Reiter and Miskowski sent plaintiff Pursell a letter unilaterally setting the date of 1-8-13 for the CWA Local 1033 Executive Board to hear his 11-13-12 appeal. The letter further advised plaintiff Pursell that since he was no

longer employed by defendant CWA Local 1033, they were questioning his right to remain a member of CWA Local 1033.

55.     On 12-13-12, plaintiff Pursell spent 6 hours with NLRB Field Attorney Noelle M. Reese preparing a 10 page Confidential Witness Affidavit on the NLRB Case 04-CA-094020.

56.     On 12-15-12, plaintiff Pursell sent a letter to defendants Spence-Brown, Reiter and Miskowski. This letter was also copied to Larry Cohen, President of defendant CWA, Annie Hill, Secretary/Treasurer of CWA Local 1033, and Mary K. O'Melveny, General Counsel of defendant CWA Local 1033. Said letter accused defendants Spence-Brown, Reiter and Miskowski of failing to remit plaintiff Pursell's membership dues to CWA National Union. The letter accused defendants of attempting to revoke plaintiff's membership in defendant CWA Local 1033 as a convenient way of making the charges and appeals filed by plaintiff Pursell go away. The letter requested a list of names and titles of all CWA Local 1033 members who were appointed to standing committees and the date and creditable, actionable proof of each appointment. Plaintiff Pursell never received a reply to the requests in this 12-15-12 letter.

57.     On 12-19-12, plaintiff Coia spent 7 hours with NLRB Field Attorney Noelle M. Reese preparing an 11 page Confidential Witness Affidavit on the NLRB Case 04-CA-094020 and Case 04-CB-094016. On 10-20-12, Plaintiff Coia supplemented her Confidential Witness Affidavit with additional evidence of violations of her right to engage in concerted protected activity and evidence of defendant Teamsters Local 115's breach of the duty of fair representation.

58.     On 12-20-12, plaintiff Pursell sends an email to Larry Cohen, President of defendant CWA, Annie Hill, Secretary/Treasurer of defendant CWA, and Mary O'Melveny, General Counsel of defendant CWA. The email protests defendant CWA Local 1033's attempt to revoke plaintiff's membership in the Union and puts defendant CWA on notice that the 3 officers seeking to revoke my membership (defendants Spence-Brown, Reiter and Miskowski) are the same 3 officers which plaintiff Pursell and Coia charged with a breach of fiduciary responsibility on 11-9-12. The email asks Cohen, Hill and O'Melveny to advise defendant CWA Local 1033 against revocation of plaintiff Pursell's membership in CWA.

59.     On 12-20-12, plaintiff Coia sends defendant Spence-Brown a memo requesting an unpaid leave of absence, and notified her that she was not forfeiting her job with CWA Local 1033. The memo states that she was on a work related stress leave with a heart condition that was documented with a medical note from the cardiologist. Plaintiff Coia further objects to the threatening phone calls about the forfeiting of her employment. The memo further complains that defendant CWA Local 1033 has failed to provide the New Jersey Department of Labor with the salary information for her Worker's Compensation Claim for benefits. Plaintiff Coia also notes that no other employee has been required to submit medical documentation for their leaves of absence. The memo ends with a request into the status of her two appeal letters to the Executive Board.

60.     On 12-21-12, defendants Spence-Brown and Miskowski sends plaintiff Coia a letter stating they will terminate her health benefits on 1-1-13. This letter was not received by plaintiff Coia until 12-28-12. The letter concludes that she must start paying for Cobra benefits.

**61.**     On 12-24-12, plaintiff Coia sends defendant Reiter a letter with a check for her health benefit premium co-payment.

**62.**     On 12-27-12, plaintiff Coia sends letter to Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115 notifying him of her intent to sue for damages due to the violation of her right to engaged in protected activities. This letter points out to Jim Smith that defendant Spence-Brown called plaintiff Coia's personal cell phone and threatened to consider plaintiff Coia's job forfeited if she didn't call defendant Spence-Brown. Plaintiff Coia, once again, urges Jim Smith to rectify the lack of representation provided by defendant Teamsters Local 115 to date by contacting defendant Spence-Brown immediately.

**63.**     On 12-27-12, plaintiff Coia sends a memo to defendant Spence-Brown requesting a Sick Leave Injury (SLI) leave of absence under the terms of defendant Teamsters Local 115's CBA. This letter revises the earlier letter from Coia to Spence-Brown requesting an unpaid leave of absence.

**64.**     On 12-27-12, plaintiff Coia sends a letter to defendants Spence-Brown and Miskowski protesting the defendants' new requirement that plaintiff Coia submit payments for health insurance premium co-pays by money order. Plaintiff Coia accuses defendants of more discrimination, harassment and retaliation against her for her exercise of protected activity and her exercise of rights under the CBA. This letter also points out that defendants have failed to provide requested information to the New Jersey Dept. of Labor and Workforce Development, Division of Workers Compensation which has prevented payment of benefits to plaintiff Coia.

**65.**     On 12-28-12, plaintiff Coia receives a letter notifying her that her health insurance was being terminated because plaintiff Coia was on an unpaid leave of absence for over 6 weeks.

**66.**     On 12-28-12, plaintiff Coia receives email from Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115, claiming she is not represented by defendant Teamsters Local 115. This is the first time defendant Teamsters Local 115 has claimed plaintiff is not represented by the Teamsters.

**67.**     On 1-2-13, plaintiff Coia sends email to Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115, pointing out the language of the Recognition Article of the CBA and the fact that plaintiffs Pursell and Coia had signed membership cards and plaintiff Coia had been told by defendant Spence-Brown that all employees would be required to be members of the Teamsters. The email ends by plaintiff Coia once again asking Jim Smith to file a grievance on her behalf and to advise plaintiff Coia as to why he is now telling her that the Teamsters does not represent her.

**68.**     On 1-2-13, Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115, sends plaintiff Coia an email reading "your comments are erroneous and untrue".

**69.**     On 1-2-13, plaintiff Coia sends a reply to Jim Smith's email disputing his claim that her "comments are erroneous and untrue". Plaintiff Coia points out the neglect of the duty of fair representation of defendant Teamsters Local 115, the failure to honor the Recognition Article of the CBA, and the failure to enforce the Union Security Article of the CBA. The email puts Jim Smith on notice that plaintiff Coia will file a Section 301 suit due to defendant Teamsters Local 115's conspiracy to deprive plaintiff Coia of her rights. Plaintiff Coia complains of the defendant's lack of fulfillment of their duty of fair

representation, the negligence in enforcing the CBA and the mental, emotional, physical and economic suffering caused by the breach of the duty of fair representation.

70.      On 1-2-13, plaintiff Coia sends a letter to defendant Reiter regarding a check sent by plaintiff Coia to defendant CWA Local 1033. The letter points out defendants' deliberately improper interpretation of plaintiff's health insurance coverage. Plaintiff Coia asks for written confirmation from defendant Reiter regarding the termination of health benefits after 6 weeks of unpaid leave status and asks defendant Reiter to identify the source of the 6 week provision. The letter concludes by asking for a written response since plaintiff Coia was provided only 4 days' notice that the defendants' were terminating her health benefit coverage.

71.      On 1-3-13, plaintiff Coia receives a letter from defendants Spence-Brown and Miskowski, contesting her coverage under the CBA.

72.      On 1-4-13, plaintiff Pursell sent a certified, return receipt requested, letter to Jim Smith, Secretary/Treasurer of defendant Teamsters Local 115 repeating the request for a copy of Teamsters Local 115's Bylaws and requesting information about the internal appeals procedure for appealing the decision of Jim Smith to not file a grievance on behalf of plaintiffs Pursell and Coia. The letter repeated the fact that Jim Smith had assured both plaintiff Pursell and plaintiff Coia that they had union protection as of 9-19-12 when plaintiffs signed membership cards for defendant Teamsters Local 115. The letter pointed out that, on 9-19-12, defendant Teamsters Local 115 promised to meet with defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033 and that over 3 months have transpired and there has been no meeting. Plaintiff Pursell points out in the 1-4-13 letter that, as a result of Teamsters Local 1115's gross negligence that plaintiff Pursell has lost his job, plaintiff Coia's health benefits are being terminated and no grievances have been filed on behalf of the plaintiffs despite repeated requests to defendant Teamsters Local 115. The letter ends with a request for an explanation as to why defendant Teamsters Local 115 has failed to meet with defendant CWA Local 1033.

73.      On 1-4-13, plaintiff Pursell sent a certified, return receipt requested, letter to James P. Hoffa, General President of the International Brotherhood of Teamsters (IBT). This letter provides a summary of the dispute between plaintiffs and defendants and requests intervention on the part of defendant International Brotherhood of Teamsters since Teamsters Local 115 is a subordinate body of defendant IBT. The letter to General President Hoffa points out the failure of defendant Teamsters Local 115 to enforce the CBA and the failure of Jim Smith, on behalf of defendant Teamsters Local 115 to meet with defendant CWA Local 1033. The letter further requests a copy of Teamsters Local 115's Bylaws and the Constitution of the IBT. The letter concludes by stating that plaintiffs have already filed Unfair Labor Practice Charges with the NLRB and that the plaintiffs have exhausted their attempts at internal remedies since all efforts to date have proven futile.

74.      On 1-7-13, plaintiff Pursell speaks with defendant Miskowski at the office of defendant CWA Local 1033. Plaintiff reminds defendant Miskowski that there needs to be enough chairs for attendees at the 1-8-13 meeting of the CWA Local 1033 Executive Board meeting where plaintiff Pursell's appeal will be heard. Defendant Miskowski informs plaintiff Pursell that the 1-8-13 meeting will be a closed session. Plaintiff Pursell argues against the meeting being conducted in secrecy.

75.     On 1-8-13, Plaintiff Pursell arrives for the Executive Board meeting to have his appeal heard and finds the meeting open to the public. In addition, a certified court reporter is present. Pursell objects to the misleading information he was provided about the meeting, complains about the failure of the defendants to provide the "procedural guidelines" promised in the defendants' 12-6-12 letter and objects to the defendant's attorney, Walter Bliss, presiding over the meeting since Attorney Bliss is not a member of CWA. A transcript is made of the proceedings but plaintiff Pursell is told he would have to pay for half the costs of the transcript even though he did not order the court reporter to be present for the meeting and was not notified in advance that there would be a court reporter transcribing the meeting.

76.     On 1-8-13, plaintiff Coia hand delivers a memo to defendants Spence-Brown and Miskowski in response to defendant Spence-Brown's 1-3-13 letter pointing out the clear and concise language of the Recognition Article, the Maintenance of Standards Article, and the Union Security Article of the CBA. The letter asserts that defendants Spence-Brown, Reiter, Miskowski, CWA Local 1033 and Teamsters Local 115 have failed to honor and enforce the CBA and that they have conspired to deprive plaintiff Coia of the terms and conditions of a contract which she had no part in negotiating. Plaintiff Coia points out that she cannot be held accountable for the failure of defendant Teamsters Local 115 and defendant CWA Local 1033 to abide by and enforce a contract that they both negotiated. Plaintiff Coia further points out the disparity in treatment between all full time non-managerial, non-officer employees of defendant CWA Local 1033. Plaintiff Coia states that Rae Roeder, President of CWA Local 1033 threatened to fire anyone who joined the Teamsters. Plaintiff Coia states in the letter that defendant Spence-Brown complained to plaintiff Coia on 10-18-12 about Teamsters Local 115 being a corrupt organization and that plaintiff Coia had caused dissension and damaged morale of employees in the office of CWA Local 1033 employees because of plaintiff Coia's membership in Teamsters Local 115. Plaintiff Coia states that her exercise of protected activities has resulted in defendant Spence-Brown moving plaintiff Coia to a work area in the reception area of the office where she can be watched since she can't be trusted. Plaintiff Coia ends the memo by notifying defendants of plaintiff Coia's intention to file a lawsuit in United States District Court.

77.     On 1-8-13, plaintiff Coia emails Jim Smith, Secretary-Treasurer, Teamster Local 115, complaining of their failure to represent plaintiff's Coia and Pursell, and their failure to honor the Recognition Article and their failure to renegotiate a successor agreement to the CBA that expired in June 2011. Plaintiff Coia states that Smith should not be in his position if he picks and chooses whom he wants to represent.

78.     On 1-8-13, Annie Hill, Secretary/Treasurer of defendant CWA sends a letter to plaintiff Pursell acknowledging the email sent by plaintiff Pursell to her on 12-20-12. Annie Hill declines to address the requests of plaintiff Pursell, including the threat of revocation of his membership by defendant CWA Local 1033. Annie Hill claims in her 1-8-13 letter "...As you know...the charges you filed against Local 1033 Executive Vice President Spence-Brown, Secretary Miskowski and Treasurer Reiter have been assigned to CWA Staff Representative Don Rice as Prosecutor..." The 1-8-13 letter from Secretary/Treasurer Hill was the first plaintiff had heard that a prosecutor had been appointed, much less the name of the Prosecutor.

79.     On 1-8-13, plaintiff Coia hand delivers a memo to defendants Spence-Brown and Miskowski in response to defendant Spence-Brown's 1-3-13 letter pointing out the clear and concise language of the Recognition Article, the Maintenance of Standards Article, and the Union Security Article of the CBA.  The letter asserts that defendants Spence-Brown, Reiter, Miskowski, CWA Local 1033 and Teamsters Local 115 have failed to honor and enforce the CBA and that they have conspired to deprive plaintiff Coia of the terms and conditions of a contract which she had no part in negotiating.  Plaintiff Coia points out that she cannot be held accountable for the failure of defendant Teamsters Local 115 and defendant CWA Local 1033 to abide by and enforce a contract that they both negotiated.  Plaintiff Coia further points out the disparity in treatment between all full time non-managerial, non-officer employees of defendant CWA Local 1033.  Plaintiff Coia states that Rae Roeder, President of CWA Local 1033 threatened to fire anyone who joined the Teamsters.  Plaintiff Coia states in the letter that defendant Spence-Brown complained to plaintiff Coia on 10-18-12 about Teamsters Local 115 being a corrupt organization and that plaintiff Coia had caused dissension and damaged morale of employees in the office of CWA Local 1033 employees because of plaintiff Coia's membership in Teamsters Local 115.  Plaintiff Coia states that her exercise of protected activities has resulted in defendant Spence-Brown moving plaintiff Coia to a work area in the reception area of the office where she can be watched since she can't be trusted.  Plaintiff Coia ends the memo by notifying defendants of plaintiff Coia's intention to file a lawsuit in United States District Court.

80.     On 1-11-13, plaintiff Coia's attorney, Jeffrey Stern, filed a formal employee claim petition, claim number 2013-672, against defendant CWA Local 1033.

81.     On 1-11-13, plaintiff's receive a letter from Don Rice, CWA Representative seeking dates to meet with plaintiffs Pursell and Coia over the charges filed against defendants Spence-Brown, Reiter and Miskowski.  In this letter, Don Rice asks for dates to meet over the next 3 weeks from 1-11-13.

82.     On 1-15-13, plaintiff Coia sends defendant Spence-Brown a medical note from cardiologist extending medical leave for a month.

83.  On 1-17-13, plaintiffs Pursell and Coia were notified by email at 3:37 p.m., that the investigation of the NLRB charges (Case 04-CA-094020 and Case 04-CB-094016) by Field Attorney Noelle M. Reese had been transferred to NLRB Examiner Joanne Sacchetti due to Attorney Reese's "extended absence".  The 1-17-13 email indicated Examiner Sacchetti was in the process of obtaining the respondent's statement of position on the charges.

84.     On 1-18-13, defendants Spence-Brown, Rieter, Miskowski and the CWA Local 1033 Executive Board holds a closed session meeting to deliberate on plaintiff Pursell's appeal.  A 7 page letter dated 1-18-13, with cover letter dated 1-18-13 from defendant Miskowski is sent to plaintiff Pursell.  The 7 page decision of the Executive Board of CWA Local 1033 denies plaintiff Pursell's appeal.

85.     On 1-21-13, plaintiff Coia sends defendant Spence-Brown a memo requesting an unpaid leave of absence and the Sick Leave Injury Benefit and asks for her health benefit coverage to be extended through February 2013.

86.     On 1-28-13, plaintiff Pursell received a telephone call from NLRB Examiner Joanne Sacchetti inquiring about plaintiff Pursell's job duties while employed at CWA Local 1033.  Plaintiff Pursell asked Examiner Sacchetti if it would help if he sent her a written

description of his job duties while employed at defendant CWA Local 1033. Examiner Sacchetti said it would not be necessary to send anything in writing. Plaintiff Pursell, despite Examiner Sacchetti telling him a written description of his job duties was not necessary, put together a Word document outlining his job duties and emailed it back to Joanne Sacchetti at 11:44 a.m. on 1-28-13.

87.     On 1-31-13, at 9:34 a.m., plaintiff Pursell received a telephone call on his cell phone from Examiner Joanne Sacchetti. Examiner Sacchetti informed plaintiff Pursell that the NLRB was going to dismiss the charges based on their investigation. The phone conversation lasted 15 minutes during which time Examiner Sacchetti explained her rationale for dismissing the charges and plaintiff Pursell countered her rationale. Ultimately, plaintiffs requested a short form dismissal to preserve the right to appeal the dismissal of the charges. At 3:49 p.m. on 1-31-13, plaintiff Pursell received an email from Scott C. Thompson, Deputy Regional Director of the NLRB's Region 04 office. Attached to the email were the dismissal letters for Case 04-CA-094020 and Case 04-CB-094016. The dismissal letters were signed by a Daniel E. Halevy, Acting Regional Director of the NLRB, Region 04 office. The dismissal letter for Case 04-CA-094020 was copied to Steven P. Weissman, Esq., of Weissman and Mintz, LLC, 1 Executive Drive, Suite 200, Somerset, NJ 08873-4002. The copy sent to Steven P. Weissman indicates he supplied the statement of position for defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033.

88.     On 2-4-13, in a certified letter to defendant Miskowski, plaintiff Pursell appeals the 1-18-13 denial to the next regularly scheduled general membership meeting of defendant CWA Local 1033. The 2-4-13 letter also requested certain information necessary for plaintiff Pursell to show bias and lack of good faith in the processing of the appeal at the 1-18-13 meeting of the CWA Local 1033 Executive Board. Of the requested information, only the transcript from the 1-8-13 meeting of the CWA Local 1033 Executive Board meeting has been provided to plaintiff Pursell.

89.     On 2-5-13, plaintiffs Pursell and Coia meet with Don Rice, Prosecutor appointed by defendant CWA to investigate the 11-9-12 charges filed against defendants Spence-Brown, Reiter and Miskowski. In the meeting, Prosecutor Rice tells plaintiffs Pursell and Coia that none of the charges relating to any employment issue can be addressed through the CWA Constitution. Plaintiffs argue with Prosecutor Rice and request documents which Prosecutor Rice has in his possession. Prosecutor Rice never provides the requested documents, despite a follow-up email from Plaintiff Pursell.

90.     On 2-5-13, defendants Spence-Brown, Miskowski, and Reiter, sent a letter to plaintiff Coia telling her that her life, health, and dental benefit coverage will be terminated on 2-16-13. Defendants assess plaintiff $3,761.02 for benefits.

91.     On 2-6-13, plaintiff Coia filed a grievance against Steven P. Weissman, Esq. with the New Jersey Office of Attorney Ethics, the investigative and prosecutorial arm of the New Jersey Supreme Court. Plaintiff Coia's grievance is confidential while under investigation by the Office of Attorney Ethics but charges Attorney Weissman of unethical disclosure of information harmful to plaintiff Coia's character and states that, based on the disclosure of this information by Attorney Weissman, Case 04-CA-094020 was dismissed by Region 04 of the NLRB.

92.    On 2-8-13, Plaintiffs request and are granted an extension of time to 2-28-13 to file an appeal of the dismissal of Case 04-CA-094020 and Case 04-CB-094016 to the General Counsel of the NLRB.

93.    On 2-11-13, plaintiff Pursell sends an email to Don Rice, Prosecutor on the charges against defendants Spence-Brown, Reiter and Miskowski. This email requests specific documents relating to the bonding coverage of the defendant CWA Local 1033. Prosecutor Rice never responds to plaintiff Pursell's 2-11-13 email requesting the bonding information.

94.    On 2-15-13, plaintiff Pursell files grievance with the New Jersey Office of Attorney Ethics, the investigative and prosecutorial arm of the New Jersey Supreme Court against Steven P. Weissman, Esq. Attorney Weissman was plaintiff Robert W. Pursell's former attorney while plaintiff Pursell was employed by defendant Communications Workers of America. Attorney Weissman has represented plaintiff Pursell in numerous lawsuits over the past 30 years in which plaintiff Pursell was sued in both his official and individual capacities. The grievance filed with the NJ Office of Attorney Ethics is confidential while under investigation. However, the grievance charges Attorney Weissman with dual representation, conflict of interest, being untruthful in his statement of position submitted to the NLRB in Case 04-CA-094020, misconduct and other violations of the Rules Governing the Courts of New Jersey and violations of numerous Canons of the American Bar Association.

95.    On 2-19-13, plaintiffs Pursell and Coia file a 49 page appeal of the dismissal of Case 04-CA-094020 and Case 04-CB-094016 to Lafe Solomon, Acting General Counsel of the NLRB by U.S.P.S. Express Mail. All relevant evidence is attached to the appeal to General Counsel Solomon. Plaintiffs ask for Attorney Weissman to be disqualified from representing defendants and seek to have the investigation of the unfair labor practice charges remanded to Region 22 of the NLRB in Newark, NJ, which has jurisdiction of the geography where defendant CWA Local 1033 is located.

96.    On 2-20-12, plaintiff Pursell sends another certified letter to defendant Miskowski, stating the information requested in Pursell's 2-4-13 letter has not been provided to plaintiff Pursell as requested.

97.    On 2-21-13, plaintiff Coia sends an email to Jim Smith, Secretary-Treasurer asking him if he discussed any of her issues with defendants CWA Local 1033 subsequent to her signing a membership card on 9-19-12. Plaintiff Coia expresses concerns regarding her return to work due to the hostile work environment and probable demotion. Defendant Coia points out that defendant Spence-Brown was angry at plaintiff Coia for joining a "corrupt organization". Plaintiff Coia points out the anti-union history of CWA Local 1033 and implores defendant Teamsters Local 115 to provide her with representation that is in her best interest and not the defendant's interest. Plaintiff Coia further expresses concerns regarding her title and job duties.

98.    On 2-21-13, Jim Smith, Secretary-Treasurer responded to plaintiff Coia's email that a meeting was held on 2-6-13 between defendants Teamsters Local 115 and CWA Local 1033. Smith tells plaintiff Coia her membership eligibility was not finalized at that meeting, and defendant CWA Local 1033 was awaiting her return to work and compiling a list of new job duties.

99.    On 2-22-13, Jim Smith replies to plaintiff Coia's email indicating that he is waiting for defendant CWA Local 1033 to set up a meeting. Smith sends a copy of plaintiff

Coia's personal and confidential email regarding her past job duties and history of her employment with defendants Spence-Brown, Miskowski and CWA Local 1033 to defendant Spence-Brown exposing plaintiff Coia's position regarding the position defendant Teamsters Local 115 should take regarding representation of plaintiff Coia.

100.    On 2-22-13, plaintiff Pursell receives a letter from defendants Spence-Brown, Reiter and Miskowksi telling plaintiff Pursell that the avenue of appeal of the denial after the CWA Local 1033 Executive Board decision is to District One Vice President Christopher Shelton in New York City.

101.    On 2-25-13, plaintiff Pursell appeals the 1-18-13 denial of his appeal by the CWA Local 1033 Executive Board to District One Vice President Christopher Shelton. The letter to Vice President Shelton, who is a member of the Executive Board of plaintiff Communications Workers of America, also contains a history of how CWA Local 1033 has failed to follow proper procedures under the CWA Constitution for handling plaintiff Pursell's appeal.

102.    In a letter dated 2-26-13, mailed on 3-1-13 and received by plaintiff Pursell on 3-6-13, defendant CWA Local 1033 questions plaintiff Pursell's right to remain a member of defendant CWA Local 1033 since his termination on 10-26-12. Despite clear language in the CWA Constitution allowing retirees to remain members of the Union, defendant CWA Local 1033 now views their termination of plaintiff Pursell's employment as a means of revoking his membership in the Union.

103.    On 2-27-13, plaintiff Coia sends a fax to defendant Spence-Brown stating she intends to return to work on 3-12-13. Included with the fax is a medical certificate from her primary care physician, Adelina M. Dunn, releasing her to return to work on 3-12-13.

104.    On 3-1-13, defendants Spence-Brown, Reiter and Miskowski send a letter to plaintiff Coia rejecting her medical certificate and refusing to allow her to return to work and requiring additional medical certificates from her physicians by 3-7-13.

105.    On 3-7-13, plaintiff Coia faxes to defendant Spence-Brown a letter requesting an extension of her unpaid leave of absence from 3-1-13 to 3-11-13. Included with the fax was a medical certificate from her primary care physician, Adelina Dunn providing a detailed diagnosis, prognosis and a return to work date of 3-12-13. The faxed letter also requests that plaintiff Coia's health insurance benefits be reinstated as of her return to work on 3-12-13.

106.    On 3-4-13, plaintiff Coia sends an email to Jim Smith, Secretary Treasurer of defendant Teamsters Local 115 objecting to Smith sending plaintiff Coia's personal and confidential email to the employer.

107.    On 3-5-13, plaintiff Coia sends Jim Smith, Secretary Treasurer of defendant Teamsters Local 115 an email once again requesting that her personal correspondence with the majority representative should not be sent to defendants Spence-Brown and CWA Local 1033. Jim Smith never acknowledges or responds to plaintiff Coia's second request. The 3-5-13 email from plaintiff Coia advises Jim Smith of her intention to return to work on 3-12-13 and asks Smith to advise her when the next negotiation session will be held so she can attend the session.

108.    On 3-7-13, defendants Spence-Brown and Miskowski reject plaintiff Coia's return to work and requests additional medical certification from plaintiff Coia's cardiologist despite the fact that the cardiologist had already cleared plaintiff Coia for return to work.

**109.**     On 3-8-13, plaintiff Coia faxes to defendants Spence-Brown and Miskowski a letter attaching a medical certificate from her cardiologist and her primary care physician. Plaintiff Coia further indicates in the letter she will provide her doctors with the defendants' letter rejecting her return to work so she can comply with their requests. Plaintiff Coia further objects to the rejection of the medical certificates as retaliation, discrimination and harassment over the numerous charges and complaints she has filed over her exercise of her concerted protected activities.

**110.**     On 3-8-13, plaintiff Pursell files additional internal charges against defendants Spence-Brown, Reiter and Miskowski under the CWA Constitution. These charges accuse defendants Spence-Brown, Reiter and Miskowski of attempting to revoke plaintiff Pursell's membership in CWA in order to eliminate dissident Pursell's equal rights, freedom of speech, expression and assembly as a member of defendant CWA Local 1033.

**111.**     On 3-11-13, plaintiff Coia faxes a memo to defendants Spence-Brown and Miskowski contesting the rejection of her medical certificates and asks that defendants call plaintiff Coia on her telephone to indicate if she can return to work on 3-12-13 per her previous medical certificates clearing her for return to work on 3-12-13.

**112.**     On 3-11-13, defendants Spence-Brown and Miskowski has an employee of defendant CWA Local 1033 hand deliver to her personal residence a letter dated 3-9-13 accusing plaintiff Coia of obfuscating her medical documentation and questioning whether plaintiff Coia was actually fit to return to work as early as 2-15-13. The hand delivered letter requests plaintiff Coia provide yet another medical certificate from her cardiologist with a prognosis and diagnosis providing an updated return to work date.

**113.**     On 3-12-13, plaintiff Coia faxes a memo to defendants Spence-Brown, Miskowski and CWA Local 1033 showing up unannounced at her personal residence on 3-11-13 despite her request that the defendants call her on her cell phone regarding her return to work. Plaintiff Coia also faxes an updated medical certificate from her cardiologist regarding her prognosis, diagnosis and return to work. Plaintiff Coia repeats her earlier request that defendants call her regarding her return to work.

**114.**     Beginning at least as early as 9-19-20, plaintiffs Pursell and Coia have attempted to obtain internal remedies with both defendants Teamsters Local 115 and the International Brotherhood of Teamsters to no avail. Repeated requests for defendant Teamsters Local 115 to file grievances on behalf of plaintiffs have been met with either no answer or no rational explanation for the failure to properly represent plaintiffs. Attempts at appealing the decisions of defendant Teamsters Local 115 have been stonewalled by defendants or gone unanswered. Repeated requests for copies of defendant International Brotherhood of Teamsters Constitution and defendant Teamsters Local 115's Bylaws and internal appeal procedures have gone unanswered. Defendant International Brotherhood of Teamsters and Teamsters Local 115's misleading conduct rose to the level of fraudulent concealment. Any further attempt to obtain an internal union remedy would be futile.

**115.**     Beginning at least as early as 9-19-12, plaintiffs have attempted to obtain an internal remedy with defendant CWA Local 1033 and defendant CWA. Internal charges filed 11-9-12, have not resulted in any action. Defendant CWA has moved at a snail's pace in addressing internal charges filed on 11-9-12. To date defendant CWA has only met once with plaintiffs to discuss the charges. In that one meeting, held 2-5-13, the defendant indicated many of the charges could be dismissed due to the nature of the charges and that

the defendant may defer action on the charges to the government agencies handling various aspects of the charges, such as the NLRB and ERISA's Employee Benefits Security Administration's Office of Enforcement.  The continued pursuit of internal remedies within defendants' CWA Local 1033 and CWA would be futile.

## FIRST CAUSE OF ACTION

116.    Plaintiffs repeat and reallege herein paragraphs 1-115 above.

117.    The purported "termination" and attempt and intent to revoke the membership of plaintiff Pursell and their interrogation and "suspension" of plaintiff Coia followed by their subsequent harassment, discrimination, and retaliation against plaintiff Coia by defendants Spence-Brown, Reiter and Miskowski was based upon the plaintiffs expression of views, arguments and/or opinions within the meaning of LMRDA Section 101(a)(2), 29 U.S.C. § 411(a)(2).  Accordingly, the "termination" of plaintiff Pursell and the interrogation, "suspension", harassment, intimidation and retaliation against plaintiff Coia was a violation of LMRDA Section 101(a)(2), 29 U.S.C. § 411(a)(2), and an infringement of plaintiff's rights secured by LMRDA Section 101(a)(2), 29 U.S.C. § 411(a)(2), within the meaning of LMRDA Section 102, 29 U.S.C. § 412.  The "termination" and the threat attempt and intent to revoke plaintiff Pursell's membership in defendant CWA Local 1033 as well as the interrogation, "suspension", harassment, discrimination and retaliation against plaintiff Coia, is part of a pattern of suppression of dissent within defendant CWA Local 1033 and has created a chilling effect on the willingness of CWA Local 1033 members to express views, arguments and opinions concerning the actions and activities of defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033.  These actions by defendants violated and will continue to violate the LMRDA Section 609, 29 U.S.C. § 529, and give rise to a cause of action under LMRDA Section 102, 29 U.S.C. § 412.  Defendant CWA has done nothing to prevent their subordinate body, defendant CWA Local 1033, from violating the rights of plaintiffs Pursell and Coia and thus, defendant CWA, is also guilty of violating plaintiffs; rights under the LMRDA Bill of Rights, Section 101(a)(1)(2), 29 U.S.C. § 411 and give rise to a cause of action within the meaning of LMRDA Section 102, 29 U.S.C. § 412.

118.    The discrimination, retaliation and violation of plaintiff Pursell and Coia's rights under the LMRDA is a direct result of the plaintiffs engaging in protected activity under the NLRA, LMRA, LMRDA and ERISA.  The filing of charges by plaintiffs Pursell and Coia against defendants Spence-Brown, Reiter and Miskowski on 11-9-12 and the internal CWA appeal by plaintiff Pursell was protected activity under the LMRDA and the attempt and intent to revoke plaintiff Pursell's membership by defendant CWA Local 1033 is clear retaliation for his exercise of rights protected under the LMRDA.

## SECOND CAUSE OF ACTION

119.    Plaintiffs repeat and reallege herein paragraphs 1-118 above.

120.    Because defendants Spence-Brown, Reiter, Miskowski and CWA Local 1033 lacked jurisdiction and authority under the CWA Constitution, CWA Local 1033's Bylaws, the CWA Policy on Mutual Respect, the CWA Election of Officers Manual and rules, policies, procedures and past practices of CWA and CWA Local 1033 to "terminate"

plaintiff Pursell and threaten and attempt to revoke the membership of plaintiff Pursell, the grounds on which this "termination" and threat of revocation of membership was ultra vires and void and a violation of the CWA Constitution and of the CWA Local 1033 Bylaws, the CWA Policy on Mutual Respect, and rules, policies, procedures and past practices of CWA and CWA Local 1033. The "suspension" of, and subsequent harassment, intimidation, discrimination and retaliation against plaintiff Coia was ultra vires and void and a violation of the CWA Constitution, CWA Local 1033 Bylaws, the CWA Policy on Mutual Respect and the rules, policies, procedures and past practices of CWA and CWA Local 1033.

## THIRD CAUSE OF ACTION

121.    Plaintiffs repeat and reallege herein paragraphs 1-120 above.

122.    The CWA Local 1033 Bylaws, rules, policies, and past practices created a contractual right in plaintiffs Pursell and Coia, and, once hired as Staff Representatives and accepted as members of CWA Local 1033, to remain employed with all the rights, authorities, abilities and opportunities of any member of CWA Local 1033, including, but not limited to, the right to express any view, argument and/or opinion on a matter before the defendants and membership of CWA Local 1033 free from retaliation or interference.

123.    By their actions described above, defendants Spence-Brown, Reiter, Miskowski, CWA Local 1033 and CWA have each of them violated and are violating said contractual rights of plaintiffs.

## FOURTH CAUSE OF ACTION

124.    Plaintiffs repeat and reallege herein paragraphs 1-123 above.

125.    By their actions described above defendants and each of them have violated plaintiffs' rights under the common law of the State of New Jersey.

126.    The purported "termination" of plaintiff Pursell and purported "suspension" of plaintiff Coia was effected by defendants Spence-Brown, Reiter and Miskowski and each of them maliciously and with wanton disregard for the rights and interests of plaintiffs and the members of defendant CWA and defendant CWA Local 1033.

127.    The purported "termination" of plaintiff Pursell and the purported "suspension" of plaintiff Coia from defendant CWA Local 1033 has caused injuries to plaintiffs, including, but not limited to, deprivation of and interference with Pursell and Coia's right and ability to express as members of defendant CWA Local 1033, views, arguments and opinions on issues of grave importance to the members of defendant CWA and defendant CWA Local 1033 and to otherwise participate in the democratic processes and affairs of defendant CWA and CWA Local 1033.

128.    If not enjoined by this Court, defendants' conduct described above, which is continuing, will cause irreparable injury for which there is no remedy at law.

## FIFTH CAUSE OF ACTION

129.    Plaintiffs repeat and reallege herein paragraphs 1- 128 above.

130.     Defendant CWA Local 1033 and defendant Teamsters Local 115 entered into a
Collective Bargaining Agreement (CBA) providing, at Article II, Union Recognition, that
Teamsters Local 115 is the sole and exclusive collective bargaining representative "for all
full and part- time non-managerial, non-officer employees of CWA Local 1033."
Plaintiffs were full time non-managerial, non-officer employees of CWA Local 1033, yet
were deprived of representation and the benefits negotiated by defendants CWA Local
1033 and Teamsters Local 115. Defendant CWA Local 1033, in violation of Article IV,
Maintenance of Standards, of the CBA, entered into other agreements with its employees,
including plaintiffs, which conflict with the terms and provisions of the CBA. Employer
violated Article XII, Discipline, of the CBA, by terminating plaintiff Pursell on 10-26-12
and suspending plaintiff Coia on 10-9-12 without just and sufficient cause. Defendant
Teamsters Local 115, breached its duty of fair representation to plaintiffs by failing to
fulfill its responsibility to act on behalf of plaintiffs in the negotiation and administration
of the CBA. Defendant Teamsters Local 115 was grossly negligent, arbitrary and
capricious, discriminatory and acted in bad faith by allowing the defendant CWA Local
1033 to violate numerous provisions of the CBA. Defendant Teamsters Local 115 further
breached the duty of fair representation by repeatedly, arbitrarily, capriciously, in bad
faith, and discriminatorily refusing to file grievances, or provide a rational basis for not
filing grievances, over the termination of plaintiff Pursell on 10-26-12 and the suspension
of plaintiff Coia on 10-9-12.

131.     This is a hybrid Section 301 suit under 29 U.S.C. § 185(a)(b)(c) of the LMRA and
provides the cause of action for this suit. The employer, defendant CWA Local 1033,
violated numerous provisions of the CBA (including, but not limited to the Recognition
Article, Maintenance of Standards Article, Union Security Article, Discipline Article and
Compensation Article), and the union, defendant Teamsters Local 115, in bad faith,
breached its duty of fair representation by deliberately, arbitrarily, capriciously, and
discriminatorily failing to enforce the CBA to the detriment of plaintiffs Pursell and Coia.
Defendant Teamsters, having deprived plaintiffs Pursell and Coia of their ability to
enforce their rights had a special obligation to enforce the rights of plaintiffs under the
CBA and failed to act on their behalf. The CBA created plaintiffs' rights enforceable
under Section 301, 29 U.S.C. § 185(a)(b)(c).

## SIXTH CAUSE OF ACTION

132.     Plaintiffs repeat and reallege herein paragraphs 1-131 above.

133.     This is a combined hybrid LMRA and Employee Retirement Income Security Act
(ERISA) suit against defendants Spence-Brown, Reiter, Miskowski, CWA Local 1033,
Teamsters Local 115 and CWA Savings and Retirement Trust. Defendants have violated
plaintiffs' rights under 29 CFR §2510.3-102, ERISA 29 U.S.C. § 1103, § 1104, §1105, §
1106, § 1109, § 1140, § 1144(d) and § 1145 et seq. Sections 403(c)(1), 404(a)(1)(A)(B),
406(a)(1)(D) and 406(b)(1), 409, 510 and 514. Defendant Teamsters Local 115 negotiated
a CBA with defendant CWA Local 1033, which, in Article XIII, Compensation Plan and
Program, provides for a 401(k) Plan as defined in ERISA 29 U.S.C. 1002(2). In violation
of the duty of fair representation, defendant Teamsters Local 115 failed to include all full
and part-time non-managerial, non-officer employees under the terms of the CBA's
401(k). Those employees covered were provided disparate voluntary contribution rates

and disparate employer contribution rates. Defendant CWA Local 1033 has violated the CBA by failing to include all full and part-time non-managerial, non-officer employees under the provisions of the 401(k) Plan. Defendant CWA Savings and Retirement Trust has failed to perform its obligations under ERISA to ensure the benefits of the 401(k) inure to the participants.

134.    Defendants CWA Savings and Retirement Trust, Teamsters Local 115 and CWA Local 1033 have violated their responsibility under ERISA and the CBA by failing to operate the 401(k) Plan prudently and for the exclusive benefit of participants. Defendants continually made delinquent deposits of elective deferral deposits and employer contributions, failed to segregate and place contributions in trust for the sole benefit of plan participants. Defendants have violated the non-exempt prohibited transaction provision of ERISA, Section 406, 29 U.S.C. § 1106(a)(b).

135.    Plaintiffs were discriminated and retaliated against by defendants in violation of 29 U.S.C. § 1140, for exercising rights to which they were entitled under the provisions of their employee benefit plan. Defendants interfered with the attainment of rights to which plaintiffs were entitled under the plan. Defendants breached the CBA and this is a breach of contract action – a legal cause of action and the Section 301 claim is actionable independent of the ERISA action.

## SEVENTH CAUSE OF ACTION

136.    Plaintiffs repeat and reallege herein paragraphs 1-135 above.

137.    By their actions described above, defendants and each of them have tortiously interfered with the contractual rights described above.

## RELIEF

Wherefore, plaintiffs request the following relief:

A) A judgment declaring the purported "termination" of plaintiff Pursell and the purported "suspension" of plaintiff Coia and the harassment, intimidation, discrimination and retaliation against plaintiffs Pursell and Coia was unlawful and in violation of the LMRA, LMRDA, ERISA and New Jersey law;

B) Interim and permanent injunctive relief prohibiting interference by defendants, or any of them, with plaintiff Pursell and plaintiff Coia's exercise of concerted protected activity and exercise of their right to freedom of speech, assembly and equal rights under the LMRDA, including plaintiffs' rights to express views, arguments and/or opinions on matters of concern to members of defendant CWA Local 1033;

C) Restoration of delinquent contributions to plaintiff's 401(k), a corrective action contribution from the employer, restoration of lost profit and other corrective actions, including fines and penalties pursuant to ERISA guidelines for the employer's failure to act prudently as a fiduciary. Fiduciaries responsible for violation of plaintiff's rights and the breach of any of their responsibilities, obligations, or duties as a fiduciary, must be held personally liable pursuant to 29 U.S.C. § 1109(a).

D) Compensatory damages against defendants Spence-Brown, Reiter, Miskowski, CWA Local 1033, CWA, AFL-CIO, Teamsters Local 115, International Brotherhood of Teamsters and CWA Savings and Retirement Trust in an amount to be determined at trial;

E) Punitive damages in amounts to be determined at trial by defendants Spence-Brown, Reiter, Miskowski, in their individual capacities

F) Punitive damages against defendants CWA Local 1033, CWA, AFL-CIO, Teamsters Local 115, International Brotherhood of Teamsters and CWA Savings and Retirement Trust in an amount to be determined at trial;

G) Costs, disbursements and reasonable attorney fees; and

H) Such other and further relief as may be just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

Dated:  March 14, 2013  By: _Robert W. Pursell_  _Sandra M. Coia_

Robert W. Pursell, plaintiff and Sandra M. Coia, plaintiff