NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT PURSELL, et al,** | Civil Action No. 13-1571 (FLW) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION** |
| **DIANNE SPENCE-BROWN, et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Presently before the Court are Plaintiffs Robert Pursell ("Pursell") and Sandra Coia's ("Coia") (collectively "Plaintiffs") Motions to Disqualify both Annmarie Pinarski ("Pinarski") and her law firm of Weissman & Mintz, LLC ("W&M") as counsel for Defendant CWA ("the Union")[1] and Walter R. Bliss, Jr., Esq. ("Bliss") as counsel for Defendant Communications Workers of America Local 1033 ("the Local") and individual defendants Dianne Spence-Brown, Dennis Reiter and Anthony Miskowski ("Individual Defendants"). [Docket Entry Nos. 21, 23]. Both Bliss and W&M (collectively, "Counsel") oppose Plaintiffs' Motions [Docket Entry Nos. 30, 31]. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiffs' motions, and considers same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motions to disqualify are DENIED.

---

[1] The Court notes that Pinarski and W&M originally represented the CWA Savings and Retirement Trust ("the Trust") as well. The Trust has since retained new and separate counsel who has submitted a response arguing that Plaintiffs' motion is therefore moot. (*See* Docket Entry No. 29). The Court notes however, that Pinarski and W&M continue to represent the Union and therefore Plaintiffs' motion still applies to them as counsel in that respect.

1

I.  **BACKGROUND**

This litigation stems from a Complaint filed by Plaintiffs on March 14, 2013, alleging violations under various provisions of the Labor Management Reporting Disclosure Act ("LMRDA"), the Labor Management Relations Act ("LMRA"), and the Employee Retirement Income Security Act ("ERISA"), as well as several causes of action under state law. (*See* Compl. ¶¶1-2; Docket Entry No. 1). Plaintiff's Complaint generally addresses the circumstances surrounding the termination of Pursell and the suspension of Coia. (*Id.* at ¶117). Pursell was employed by the CWA as New Jersey Area Director from 1986 to 2009 and Coia was hired in 2004 as an Education Planner for the Local. (*Id.* at ¶¶6-7). Plaintiff claims that the Local engaged in "harassment, discrimination and retaliation" against Plaintiffs in violation of their rights. (*Id.*) By way of the instant motion, Plaintiffs seeks to establish a conflict of interest between Plaintiff Pursell and W&M, and the Local and the individual defendants.

II.  **ARGUMENTS**

   A. **Disqualification of Pinarski and W&M**

   i.  <u>Plaintiffs' Argument</u>

Plaintiffs' Motion to Disqualify Pinarski and W&M stems from the law firm's prior representation of Pursell. Pursell claims that W&M represented the Local for the twenty-three years that he served as Area Director there. (*Plaintiffs' Brief in Support* at 3; Docket Entry No. 21. Pursell maintains that over the course of his employment, he had corresponded and interacted with several attorneys from W&M. In support, Pursell claims that he "regularly provided certifications, affidavits and confidential work product to [W&M] in all legal matters involving defendant CWA." (*Id.*) Pursell also argues that "[a]ttorney Weissman has intimate knowledge of plaintiff Pursell's thought processes, reasoning and weaknesses." (*Id.* at 4).

Pursell also makes the argument that a conflict of interest exists because the legal fees of W&M are paid through members' dues – including those paid by Plaintiffs. (*Id.*)

Additionally, Pursell notes two specific lawsuits where he was represented by W&M; the first being *CWA Local 1039, et al. v. CWA, et al.* Civil Action No. 87-975 (CSF) where Pursell was represented by Mr. Steven P. Weissman and the second being *Drago v. CWA, et al.* Dkt. No. MER-L-3899-02 and App. Div. Dkt. No. A-0410-05T5 by Pinarski. (*Id.* at 3). Further, Pursell argues that he was represented in "numerous other lawsuits" by W&M. (*Id.*)

Pursell argues that W&M should therefore be disqualified under New Jersey Rule of Professional Conduct ("RPC") 1.9 which provides that "a lawyer who has represented a client in a matter shall not thereafter represent another client in the same or substantially related matter in which that client's interest are materially adverse to the interests of the former client." RPC 1.9(a). Likewise, Pursell notes that an attorney's conflict under RPC 1.9 generally is imputed to that attorney's firm through application of RPC 1.10. Pursell argues that both this case and the cases in which he was previously represented are substantially related because they both involve employment discrimination issues and violations of the LMRDA. (*Id.* at 9). Pursell submits that "the facts in this lawsuit are substantially similar to prior representation provided by the law firm of [W&M] to plaintiff Pursell." (*Id.*) During that prior representation, Pursell claims to have had confidential and privileged communications with W&M which he argues, if used by the law firm in this case without consent, would violate RPC 1.6.

ii. Defendants' Argument

W&M initially responds to Plaintiffs' Motion by distinguishing the two cases which Pursell references. W&M notes that the first case dealt with a preliminary injunction sought by plaintiffs against the appointment of a trusteeship. (*W&M Brief in Opposition* at 3; Docket Entry

3

No. 30). Pursell was named as a defendant, both in his official and individual capacities. (*Id.*) The second case involved a plaintiff who alleged "employment discrimination, sexual harassment, retaliation and violations of the New Jersey and Federal Family and Medical Leave Acts" against Pursell and others. (*Id.*) The complaint specifically alleged that Pursell perpetrated acts of sexual harassment and discrimination against Plaintiff Drago. However, this action was ultimately dismissed on summary judgment and upheld at the appellate level. (*Id.*)

At the beginning of its argument, W&M notes that motions for disqualification of counsel are viewed with disfavor and are considered drastic measures. (*Id.* at 4). In applying RPC 1.9, W&M concedes that Pursell is a former client and that the interests between Pursell and the CWA in this litigation are materially adverse, but argues that the matters are not the same or substantially related to each other. (*Id.* at 5). W&M contends that "the current lawsuit arises from Pursell's employment with the CWA Local 1033, specifically the circumstances under which he left his employment[.]" (*Id.* at 6). W&M submits that neither the *CWA Local 1039* case nor the *Drago* case involve any of the same facts. As such, W&M maintains that the matters are not the same or substantially related.

Further, with respect to Pursell's arguments under RPC 1.6, W&M claims that "Pursell has failed to identify with specificity any alleged 'confidential communications' it shared with the undersigned or any attorney with the law firm during the CWA Local 1039 trusteeship lawsuit or the *Drago* lawsuit that could be or might be used against him in his current lawsuit." W&M does not address Plaintiffs' argument that the use of member dues to pay their legal fees would be a conflict of interest.

### iii. Plaintiffs' Reply

In Pursell's reply, he first raises the argument that the inclusion in W&M's opposition of the state court opinion in *Drago* was meant to embarrass him and therefore violated RPC 4.4. (*Plaintiffs' Brief in Reply* at 2-3; Docket Entry No. 35). Moreover, Pursell argues that this inclusion also constitutes misconduct in violation of RPC 8.4. (*Id.* at 7). In addition, Pursell rebuts W&M's claim that the matters are not substantially related by pointing to the fact that they allege violations of the same statutes. (*Id.* at 3-4). Pursell also lists several times he has consulted W&M on issues substantially related to the instant litigation. (*Id.* at 3-7). Lastly, Pursell argues, for the first time, that Plaintiffs intend on calling Steven P. Weissman as a witness in this case and that he should therefore be disqualified pursuant to RPC 3.7.[2] (*Id.* at 7).

### iv. Defendants' Sur-reply

W&M was granted leave to file a sur-reply in light of the several new arguments made in Plaintiffs' reply. W&M argues that Pursell's proffered examples of confidential communications with W&M were not made when Pursell was a client of W&M and are therefore, not in violation of RPC 1.9. (*W&M's Brief in Sur-reply* at 1-2; Docket Entry No. 39). Further, W&M reiterates its argument that the matters Pursell references are nonetheless not substantially related to the instant case. (*Id.* at 3). In response to Pursell's intention to call Mr. Weissman as a witness, W&M argues that the request is premature, improperly raised, and would be inappropriate on the merits, as RPC 3.7 does not apply to pre-trial proceedings. (*Id.* at 4). Lastly, Pursell's claim that the inclusion of the *Drago* opinion in W&M's opposition was in violation of RPC 4.4 is

---

[2] The Court notes that Plaintiffs include a header in their brief which states that "The Involvement of Pinarski, Weissman and [W&M] in Opposition to Their Former Client is a Conflict of Interest Under RPC 1.7, and RPC 1.8 as well as Canon 1, Canon 2, Canon 5, Canon 7, and Canon 9 of the ABA Model Code of Professional Responsibility[.]" (*Id.* at 7). In the first instance, the Court notes that the above rules were never raised in Plaintiffs' moving brief; therefore, these grounds are not appropriately raised now. More importantly, Plaintiffs neither cite the text of any of the above rules, nor do they provide any argument as to why the above rules would be grounds for disqualification.

5

characterized by W&M as "spurious and without merit[,]" as the *Drago* opinion is a public record. (*Id.* at 5).

### B. Disqualification of Bliss

#### i. Plaintiffs' Argument

Plaintiffs additionally seek to disqualify Walter R. Bliss, Jr., Esq. as counsel for the Local and the Individual Defendants. It appears that Plaintiffs seek disqualification on three grounds. First, Plaintiffs claim that a conflict exists in Bliss' representation of both the Local and defendants Spence-Brown, Reiter and Miskowski. (*Plaintiff's Brief in Support* at 3; Docket Entry No. 23). Second, a conflict of interest is alleged with respect to the other plaintiff in this matter, Sandra Coia. Lastly, Plaintiffs maintain that they "reserve the right to call [Bliss] as a witness in this Complaint." (*Id.* at 14).

Plaintiffs argue that Bliss cannot represent both the Local and the Individual Defendants because those Defendants "are charged with violation of their fiduciary responsibility not only under ERISA, but…charges involving the use of [the Local's] credit card, additional charges of asset theft, failure to properly bond those handling Local funds, and dues deduction and transmission." (*Id.* at 11). Plaintiffs contend that there is a risk that a situation may arise where it becomes clear that the Individual Defendants "engaged in conduct which could impose civil or criminal liability on [the Local] which [the Local] would want to disavow." (*Id.* at 15). Consequently, Plaintiffs conclude that the interests of the Local and the Individual Defendants are directly adverse and propose that Bliss be disqualified from representation of both. (*Id.*)

With respect to Plaintiff Coia, Plaintiffs again argue, as in the previous motion, that the Local pays the legal fees of Bliss through the dues collected from its members, and that this is a conflict of interest since Plaintiffs' dues are being used against them. (*Id.* at 4-5). In addition,

Plaintiffs argue that Bliss "has access to confidential information obtained from plaintiff Coia," which could be used against her in the present action. (*Id.* at 5, 9). Plaintiffs allege that Bliss attained such information by insisting that "he led her to believe she was his client." (*Id.* at 9). In support, Coia asserts that "Bliss did treat Coia as if they were in an attorney-client relationship" and points to an e-mail sent by Coia to Bliss stating that:

> "…you are NOT their personal attorney, if anything you would represent me because I am not only an employee but a full dues paying member of the CWA…I think it would be in your best interest NOT to be their personal attorney in any of the above matter because not only is it a conflict of interest, it is unethical and you should be representing me in this (*sic*) matters…"

(*Id.* at 3). Coia maintains that Bliss never responded to this e-mail. As additional evidence, Coia identifies a letter she sent to Bliss wherein she states "…Please contact me to advise me of this situation and a remedy as to when I can return to work…Thank you for your assistance in this matter…" (*Id.* at 5). Again, Plaintiffs claim that "Bliss did nothing to explain to plaintiff Coia the identify (*sic*) of his client." (*Id.*) In this regard, Plaintiffs submit that Bliss was obligated to inform Coia that she was not his client and that his lack of response to her indicating otherwise created the appearance of an attorney-client relationship. (*Id.* at 5, 13). Therefore, Plaintiffs suggest that Bliss violated both RPC 1.9 and RPC 1.13.

Lastly, Plaintiffs mention that they "reserve the right to call [Bliss] as a witness in this Complaint[,]" claiming that Bliss "has intimate knowledge regarding a number of issues cited in the complaint[.]" (*Id.* at 14). Therefore, Plaintiffs request that Bliss be disqualified under RPC 3.7 as well.

        ii. <u>Defendants' Argument</u>

Bliss responds to Plaintiffs' motion by stating that the Local and the Individual Defendants "have no adverse interest here." (*Bliss' Brief in Opposition* at 11; Docket Entry No.

31). Bliss argues that Plaintiffs have sued the Individuals on an agency theory, wherein the actions of the officers flow to the union and that, therefore, the Local and the Individual Defendants have the same interests. (*Id.* at 13).

In response to Plaintiff Coia, Bliss disavows that any attorney-client relationship existed. Bliss reasons that it was clear from Coia's e-mail that she knew he did not represent her and therefore, there was no need for him to inform her further to that effect. (*Id.* at 14-15). Bliss rejects Coia's claim that any confidential or privileged information was received by him and no other communications were had between him and Coia subsequent to that e-mail. (*Id.* at 16). Furthermore, Bliss argues that even if there were an express or implied attorney-client relationship, Plaintiffs would still need to show a substantial relationship between both matters. (*Id.* at 17). Bliss submits that because "there was no representation of plaintiff Coia of any kind" and additionally, because Plaintiffs "have not even attempted to define even the scope of the claimed representation[,]" that Plaintiffs' motion must be denied in that respect. As above, Bliss likewise does not address Plaintiffs' argument that the use of member dues to pay their legal fees would be a conflict of interest.

Lastly, Bliss notes that, pursuant to RPC 3.7, a lawyer must be considered to be a *necessary* witness at trial, and argues that it has not been established that his testimony will be necessary. (*Id.* at 18) (emphasis added).

      iii.   Plaintiffs' Reply

Plaintiffs respond by reiterating their argument that Bliss was required to obtain Plaintiff Coia's informed consent because he is her former attorney "now engaged in representing clients whose interests are adverse to plantiffs[.]" (*Plaintiff's Brief in Reply* at 3-4; Docket Entry No. 34). Plaintiffs state for the first time the Bliss represented Coia around "September/October

8

2004 after Plaintiff Coia lost her employment with the Department of Education[.]" (*Id.* at 3). Coia encloses a letter dated April 4, 2013 in which she represents that Bliss is her attorney. (*See* Docket Entry No. 34 at 17). Further, Plaintiffs contend that this is "the same or substantially related matter," arguing that both matters involve employment discrimination. (*Id.* at 4). Plaintiffs argue again that Bliss should not be able to represent both the officers and the Local, as the allegations "relate to fiduciary violations made on behalf of the officers of the Local and are not merely 'management' issues." (*Id.*) Lastly, Plaintiffs state their intention to call Bliss as a witness during this case, maintaining that he has "intimate knowledge of the CWA Constitution" and moreover, that "[t]here will be no economic harm in having defendant CWA employ an outside counsel[.]" (*Id.* at 5).

    iv. <u>Defendants' Sur-reply</u>

As with the motion considered in conjunction with the instant one, Bliss also was granted leave to file a sur-reply. Bliss begins by noting that Plaintiffs failed to mention anything about the meeting in 2004 in their moving papers. (*Bliss' Brief in Sur-reply* at 2; not docketed).[3] Furthermore, Bliss notes that he disclosed the 2004 meeting in his certification which accompanied his opposition papers. (*See Certification of Counsel in Opposition to Plaintiff's Motion to Disqualify Counsel for the CWA Local 1033 Defendants* at ¶¶26-27; Docket Entry No. 31-1). Bliss argues that he did not represent her in 2004 and that Plaintiff has not shown that the information during this meeting is "germane to the present case." (*Bliss' Sur-reply* at 3).

---

[3] The Court notes that by Order dated June 6, 2013 [Docket Entry No. 38], Bliss was given leave to file his sur-reply, but the sur-reply was never filed on the docket. However, the Court notes the Bliss has indicated in the copy sent to Chambers that all parties in this matter have been served with a copy of same and therefore, the Court shall consider Bliss' submission in formulating this Opinion. Additionally, Bliss' sur-reply shall be attached to this Opinion as Exhibit A.

9

Lastly, as to the April 4, 2013 letter included in Plaintiff's reply, Bliss notes that he was not copied on the letter and indeed, if he had been her attorney, would have been the author of the letter. (*Id.* at 4).

### III. ANALYSIS

In this District, questions of professional ethics are governed by L.Civ. R. 103.1(a), which provides that the RPCs are to be used to resolve same. See *Carlyle Towers Condo. Ass'n v. Crossland Sav.*, 944 F.Supp. 341 (D.N.J. 1996). In interpreting the RPCs, the Court looks to New Jersey's state courts' interpretations as primary authority and modifies that interpretation when required or permitted by federal law. L.Civ.R. 103.1(a); *see Steel v. General Motors*, 912 F.Supp. 724 (D.N.J. 1995).

When considering a motion to disqualify counsel, the movant bears the burden of proving that disqualification is appropriate because the RPCs were violated. See *Maldonado v. New Jersey*, 225 F.R.D. 120, 136-7 (D.N.J. 2004). Further, the movant's burden is a heavy one as "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Alexander v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1984) (internal quotation marks omitted)). As a result, in determining whether to disqualify counsel, the Court must closely and carefully scrutinize the facts of each case to prevent unjust results. See *Montgomery Acad. v. Kohn*, 50 F.Supp.2d 344, 349 (D.N.J. 1999).

Additionally, the court must "balance the need to maintain the highest standards of the [legal] profession against a client's right to freely choose his counsel." *Steel*, 912 F. Supp. At 733 (internal quotation marks and citations omitted).

Here, Plaintiffs seek to disqualify two firms from representing their clients in this matter. The Court initially notes that It is not persuaded by Plaintiffs' argument that the payment of legal fees through the use of members' dues is a conflict of interest. Indeed, if the Court were to accept such an argument, it would mean that any union member plaintiff would be insulated from the Local using members dues to represent itself. This is simply not a finding that the Court is prepared to make. Turning to Plaintiffs' remaining arguments, the Court shall address each motion in turn.

### A. Disqualification of W&M

Plaintiffs allege a conflict of interest between W&M and Plaintiff Pursell under RPCs 1.9, 1.10, 3.7 and 4.4, in support of their motion to disqualify counsel.

#### 1. RPC 3.7

As an initial matter, the Court notes that Plaintiffs' argument with respect to RPC 3.7 was improperly raised in Plaintiffs' reply brief, rather than their moving brief. However, in light of the fact that Courts must construe submissions by *pro se* plaintiffs broadly, as well as the fact that W&M was granted leave to file a sur-reply, the Court shall address the merits of Plaintiffs' argument. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). RPC 3.7 provides as follows: "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) disqualification of the lawyer would work substantial hardship on the client... [A] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or 1.9." As a threshold matter, the Court notes that the explicit language of RPC 3.7(a) only prohibits an attorney from acting as

an "advocate at a trial." Therefore, the plain language of the rule suggests that pretrial activities are not proscribed. Furthermore, there has not yet been a determination that attorney Weisssman will be a "necessary witness." Therefore, in light of the fact that this case has not even had an Initial Conference yet, and such a determination wouldn't be made until the time of trial, the Court is persuaded by W&M's contention that Plaintiffs' motion is premature at this juncture.

### 2. RPCs 1.9 and 1.10

RPC 1.9 provides, in pertinent part, that "[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." RPC 1.9(a). Likewise, RPC 1.10 provides generally that "[w]hen lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by RPC 1.7 or RPC 1.9[.]" RPC 1.10(a).

Plaintiff Pursell claims that he was a client of W&M for over 23 years. While W&M acknowledges that it did indeed represent Pursell on at least two matters, it denies that all communications with Pursell over those 23 years were those of a privileged and confidential nature. However, even assuming *arguendo* that Pursell was indeed a client for those 23 years, Pursell has failed to establish the second requirement under RPC 1.9; that the matters be "the same or substantially related" to each other. The allegations of Plaintiffs' Complaint stem from Pursell's termination and neither the *CWA Local 1039* case nor the *Drago* case involve Pursell's termination from, or employment with, the Local. Furthermore, the Court finds that Pursell has failed to identify that information which he believes is privileged and confidential and has

12

additionally failed to identify how such information could be used against him by W&M in this case under RPC 1.6.[4]

### 3. RPC 4.4

The Court finds Plaintiffs' argument under RPC 4.4 to be without merit. The *Drago* opinion, while unpublished, is nonetheless a public record and did not include any confidential or otherwise inappropriate material. Furthermore, W&M's rationale behind the inclusion of the opinion as an Exhibit were in furtherance of its argument that the facts were not substantially related to the instant case. As such, the Court finds that W&M was not acting to "embarrass, delay or burden" Pursell. RPC 4.4.

### B. Disqualification of Bliss

Plaintiffs allege a conflict of interest between both Bliss representing the Individual Defendants and the Local, as well as Bliss and Plaintiff Coia under RPCs 1.9, 1.13, and 3.7, in support of their motion to disqualify counsel.

### 1. Concurrent Conflict – RPC 1.7

Although not explicitly cited by Plaintiffs, the argument pertaining to Bliss' representation of both the Individual Defendants as well as the Local falls under RPC 1.7(a) which provides that "[a] concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." RPC 1.7. Plaintiffs have not shown that a concurrent conflict exists here. Plaintiffs have failed to show

---

[4] Pursell did state in his reply brief that "[i]t is not proper in this…Reply…to disclose specifically what privileged and confidential information was obtained by [W&M] and how [Pinarski's] access to that information will be used against her former client." (*Plaintiffs' Reply* at 11). The Court simply cannot find a violation of RPC 1.6 based upon this statement alone.

that the interests of the individual defendants are directly adverse or that Bliss' ability to represent both would be materially limited. At most, Plaintiffs argue that there is a risk that a situation may arise where it becomes clear that the Individual Defendants "engaged in conduct which could impose civil or criminal liability on [the Local] which [the Local] would want to disavow." (*Plaintiffs' Brief in Support* at 15). However, this risk is insufficient to warrant disqualification.

### 2. RPCs 1.9 and 1.13

The Court finds that there is simply no evidence that Plaintiff Coia was a former client of Mr. Bliss. Indeed, Coia's own words seem to betray her argument by her statement to Bliss that "…you should be representing me…" (*Id.* at 3). It seems readily apparent to the Court that Coia knew she was not being represented by Bliss, but rather thought that she should have been. Additionally, Plaintiffs have provided no evidence that any confidential information was imparted from Coia to Bliss and have likewise shown no indication that Bliss led Coia to believe he was her attorney. Although Plaintiffs make the additional argument about a prior representation improperly in their reply papers, the Court shall nevertheless address these arguments herein. Plaintiffs have shown no evidence that Bliss represented Plaintiff Coia in 2004. No communications or legal documents have been provided to support this assertion. However, even if corroboration were to be provided, Plaintiffs have still not shown that the matter was the same or substantially similar to the instant action. Lastly, with respect to the April 4, 2013 letter, Coia has not demonstrated that Bliss was her attorney. Indeed, and as noted by Bliss, if he were her attorney, all correspondence would have been authored by him and not Coia personally in conjunction with her litigation. As a result, no conflict exists between Bliss and Coia.

3.  **RPC 3.7**

Plaintiffs have not made the requisite showing that Bliss should be disqualified pursuant to RPC 3.7 for the same reasons as stated forth above with respect to Attorney Weissman.

IV.  **CONCLUSION**

In light of the foregoing, Plaintiffs' Motions to Disqualify Counsel are DENIED. An appropriate Order follows.

Dated: July 2, 2013

s/Tonianne J. Bongiovanni<br>
**HONORABLE TONIANNE J. BONGIOVANNI**<br>
**UNITED STATES MAGISTRATE JUDGE**