**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT W. PURSELL, | |
|                 Plaintiff, | |
| | Civil Action No.: 13-1571(FLW) |
|         v. | |
| | **OPINION** |
| DIANE SPENCE-BROWN, *et al.*, | |
|                 Defendants. | |

**WOLFSON, United States District Judge:**

On November 1, 2013, the Court dismissed *pro se* Plaintiff Robert W. Pursell's[1] ("Plaintiff" or "Pursell") claims against defendants International Brotherhood of Teamster ("IBT") and Communications Workers of America Savings and Retirement Trust (the "Trust"), but provided Plaintiff leave to amend his complaint ("November Opinion"). Pursell's claims arise from the termination of his employment at a labor union, Communication Workers of America Local 1033 ("Local 1033"), and other labor-related disputes. In the Amended Complaint,[2] Plaintiff asserts various causes of action, alleging that the defendants, collectively, violated his rights under the United States Constitution, the Constitution of the State of New Jersey, the Labor Management

---

[1] This lawsuit was initiated by plaintiffs Robert Pursell and Sandra M. Coia. However, by Order dated January 31, 2014, the parties stipulated to the dismissal of Coia as a plaintiff.

[2] Plaintiff named the following defendants in his original complaint: the Trust, IBT, International Brotherhood of Teamsters Local 115 ("Local 115"), Communication Workers of America ("CWA"), Local 1033, as well as individual employees of Local 1033, Dianne Spence Brown, Anthony Miskowski and Dennis Reiter. In his Amended Complaint, Plaintiff also added as defendants certain trustees of the Trust: Lawrence Cohen, Annie Hill, and Frank Tucker (the "Trustees").
.

1

Reporting and Disclosure Act of 1959 ("LMRDA"), the Labor Management Relations Act of 1047 ("LMRA"), the Employee Retirement Income Security Act ("ERISA"), and the New Jersey Fraud Prevention Act. Pending before the Court are three separate motions to dismiss, each filed by IBT, the Trust and its Trustees, and Local 115 (collectively "Defendants"). For the reasons set forth below, the motions to dismiss filed by IBT and the Trust and Trustees are **GRANTED**; however, Local 115's motion is **GRANTED** in part and **DENIED** in part. Plaintiff is directed to file a second amended complaint consistent with this Opinion.

## BACKGROUND

At the outset, I note that Plaintiff's Amended Complaint does not contain a majority of the allegations from his Original Complaint. However, on this motion, Plaintiff requests that I combine these two complaints when analyzing Defendants' motions to dismiss. An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12-2430, 2013 WL 1338986, at *5 (3d Cir. Apr. 4, 2013). To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[3] *Id.* Here, for the purposes of this Opinion, the Court construes these complaints as one because plaintiff could amend once again to include all allegations and he is proceeding *pro se*. I note that I will only recount relevant facts alleged in both complaints, and take them as true.

For thirty-years, Pursell was a member of the CWA, a labor organization that is the parent organization of Local 1033,. Original Complaint (O.C.),¶¶ 6, 14. In April 2009, Pursell began employment with Local 1033 as a staff representative. *Id.* During his employment, Plaintiff alleges that he entered into a Collective Bargaining Agreement with Teamsters 115, which

---

[3] Plaintiff is directed to file a second amended complaint consistent with this Opinion.

2

represented employees of Local 1033. *Id.*, ¶ 16. IBT, an international labor union located in Washington D.C., is the parent organization of Teamsters 115. *Id.*, ¶ 13. The Trust is an employee pension benefit plan established under the CBA. *Id.*, ¶ 15. According to Plaintiff, he was a participant in the Trust. *Id.*, ¶ 6.

The issues underlying this lawsuit arose from certain employment disputes between Pursell and both Local 1033 and Local 115. In that connection, Pursell claims that this action is a hybrid Section 301 suit under the LMRA; he accuses Local 115 of breaching the duty of fair representation, and asserts a breach of the CBA by the employer, Local 1033. *Id.*, ¶ 1. A relevant provision of the CBA at issue here provides that "Teamsters Local 115 is the sole and exclusive representative of all full and part-time non-managerial, non-officer employees of CWA Local 1033." *Id.*, ¶ 17. Plaintiff claims that he was a full-time non-managerial and non-officer employee, and thus, his employment and benefits are governed by the terms of the CBA. *Id.*, ¶ 18.

These above-recounted facts represent a summary of Plaintiff's complaints. For the purposes of clarity, the Court will set forth additional allegations as they pertain to each of the defendants moving for dismissal. As a brief procedural history, IBT and the Trust moved to dismiss Plaintiff's claims against them in the Original Complaint; the Court granted their motions. Having given Plaintiff leave to amend his complaint, Plaintiff, in his Amended Complaint, included additional allegations against IBT and the Trust, as well as adding certain trustees as defendants. In the present matters, IBT, the Trust and its Trustees, and Local 115 move separately for dismissal of Plaintiff's claims against them. I will discuss each of the motions in turn.

## DISCUSSION

### I. Standard of Review

Under Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008) (citing *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215-16 (3d Cir. 2002)). However, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. *Twombly*, 550 U.S. 544, 555 (2007). The pleading must contain more than "labels and conclusions or a formulaic recitation of the elements of a cause of action...." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal citations and quotations omitted). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, as accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570) (internal citations and quotations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### II. IBT

In the Court's November Opinion, IBT was dismissed because the Court found that Plaintiff failed to allege that IBT, as a parent organization of Local 115, has a contractual relationship with Plaintiff, and thus, IBT did not owe Plaintiff a duty of fair representation. *See* November Opinion, pp. 5-8.[4] Plaintiff's allegations, in the Amended Complaint, fare no better. According to Plaintiff, IBT is a proper defendant because IBT has a contractual obligation as the

---

[4] In the interest of judicial economy, the Court will not repeat its analysis set forth in the November Opinion here. The Court will, however, incorporate the relevant portions of the November Opinion herein.

4

parent of Local 115 under "numerous articles of the IBT Constitution, to order its subordinate body, IBT Local 115, to file grievances on behalf of Plaintiff." Amended Complaint (Am. Compl.), p. 2. Plaintiff further alleges that because IBT was contractually obligated to act on Plaintiff's behalf, IBT's failure to do so constitutes a breach under the LMRDA. *See Id.*

First and foremost, while Plaintiff claims that there are numerous provisions under the IBT Constitution that set forth IBT's obligations to Plaintiff as a parent of Local 115, Plaintiff does not attach the constitution for the Court's review. Indeed, Plaintiff did not cite to those provisions that Plaintiff deems critical to his claims against IBT. Failure to do so warrants dismissal because Plaintiff has failed to allege sufficient factual matter to establish any contractual obligations on the part of IBT as a parent of Local 115. Moreover, even if IBT owes Plaintiff a duty, in the entirety of the Amended Complaint, Plaintiff only references IBT four separate times, and none of those allegations assert any wrongful conduct by IBT. Instead, Plaintiff simply re-pleads the same conclusory allegations as appeared in the Original Complaint – which have already been deemed insufficient and dismissed by this Court.

As I stated in my November Opinion, as a matter of law, a suit properly brought under § 301 for a breach of the duty to represent, only involves Plaintiff's bargaining agent, which is Local 115, not its parent, IBT. Plainly, IBT is not a signatory to the CBA. *See* November Opinion, pp. 5-6. I also found that IBT did not assume a duty of fair representation because there were no allegations that IBT "instigated, supported, ratified or encouraged" the alleged wrongful conduct of Local 115. *Id.*, pp. 6-7 (citing cases). Nothing Plaintiff added in his Amended Complaint

changes my previous findings in this context. Thus, all claims against IBT are dismissed,[5] and IBT's motion is granted.

## III. The Trust and Trustees

In the November Opinion, I dismissed the Trust because Plaintiff did not allege any specific wrongdoing attributable to the Trust, and any mention of the Trust, as alleged in the Original Complaint, was conclusory in nature. *See* November Opinion, pp. 8-10. In the Amended Complaint, Plaintiff adds additional allegations against the Trust in an effort to satisfy his previous pleading deficiencies, and also names certain individual trustees as defendants. In his previous complaint, Plaintiff alleged that his employer, Local 1033, made delinquent "employer contributions, [and] failed to segregate and place contributions in trust for the sole benefit of the plan participants" in violation of an unspecified provision of ERISA. Orig. Compl., ¶ 134. In that regard, Plaintiff alleges, here, that the Trustees "had an affirmative obligation to ensure the 401k (the Plan) of defendant CWA Local 1033 was administered properly and failed to faithfully discharge their duties under ERISA statute and regulations." Am. Compl., ¶ 45. Plaintiff complains that he was adversely affected by the failure of the Trustees "to act prudently and provide the oversight and administration of the [Trust]." *Id.* Essentially, Plaintiff alleges that the Trust and its Trustees had an affirmative obligation to prevent his employer, Local 1033, from violating Plaintiff's rights under ERISA. *Id.*

As a preliminary matter, I first address the Trust's contention that Plaintiff has not sufficiently alleged that he is entitled to participate in the Trust. Plaintiff alleges that pursuant to the relevant terms of the CBA, all full and part-time non-managerial, non-officer employees of

---

[5] It appears that Plaintiff complains that IBT failed to respond to Plaintiff's requests for copies of IBT's constitution, but that does not state a cause of action. Regardless, according to IBT, the full text of the constitution is available to Plaintiff on IBT's website.

CWA Local 1033 are subject to the CBA. Orig. Compl., ¶ 17. And, Plaintiff asserts that he was a full-time non-managerial employee, and thus, covered by the CBA. The Trust takes issues with Plaintiff's allegations in this regard; the Trust argues that Plaintiff was a "confidential managerial employee," and therefore, he was not covered under the CBA. In support of the Trust's position, the Trust references an unrelated matter brought before the National Labor Relations Board ("NLRB") by Plaintiff, whereby the NLRB allegedly rejected Plaintiff's contention that he was a non-managerial employee. The Trust does not attach the NLRB decision or order. Moreover, that decision, however, appears nowhere in the Complaint. On a motion to dismiss, I question whether this Court can consider such a decision, particularly since I am typically not bound by the NLRB's decisions. *See Hanna Mining v. Marine Engineers Dist. 2,* 382 U.S. 181, 192 (1965)*; Rd. Sprinkler Fitters Local Union No. 669 v. Simplex Grinnell LP,* 251 F. Supp. 2d 1201, 1207 (W.D.N.Y. 2003) (finding that a district court is not bound to follow the NLRB's decision under principles of collateral estoppel or res judicata); *see also Mesa Verde Constr. Co. v. Northern California Dist. Council of Laborers,* 895 F.2d 516, 518 (9th Cir. 1990). Thus, for the purposes of this motion, I find that Plaintiff has properly alleged that he was a covered-employee under the CBA; any dispute regarding Plaintiff's status at Local 1033, i.e., managerial v. non-managerial employee, must be resolved at a later stage of this litigation.[6]

However, even if Plaintiff is a covered-employee under the CBA, Plaintiff has nevertheless failed to allege any claims against the Trustees or the Trust. Simply, Plaintiff has not sufficiently

---

[6] In Plaintiff's reply brief, he makes further factual allegations to support his participation in the Trust. However, none of those allegations are pled in the Amended Complaint or the Original Complaint, and therefore, I cannot consider them. *See Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008) (holding that a plaintiff may not amend his complaint through arguments in his brief). Nevertheless, for the purposes of this Opinion, I have found that Plaintiff has sufficiently alleged that he is a covered-employee under the Trust.

alleged properly that either the Trust or the Trustees has a duty under ERISA to monitor an employer's contribution obligation. Under ERISA, "trustees have a fiduciary duty to act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries." *Wilkins v. Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 579 (2d Cir. 2005)(internal quotations and citations omitted); *see Central States, Southeast & Southwest Areas Pension Fund v. Central Transport*, 472 U.S. 559, 566-67 (1985). However, that duty does not typically arise if there are no indications of bad faith or malfeasance on the part of the employer. *See Moore v. Provident Life & Accident Ins. Co.*, 786 F.2d 922, 928 (9th Cir. 1986); *Wilkins*, 445 F.3d at 580; *Burke v. Latrobe Steel Co.*, 775 F.2d 88 (3d Cir. 1985). Indeed, there is no requirement that a trustee must continually monitor employer contributions. *See Wilkins*, 445 F.3d at 580.

Here, Plaintiff does not allege that he informed the Trustees regarding the alleged deficiencies. Even more glaring, Plaintiff makes no allegations that the Trust or the Trustees had any knowledge that Local 1033 was allegedly delinquent in making contributions. Without any knowledge of the alleged wrongdoing, Plaintiff has not sufficiently averred that the Trustee owed Plaintiff any fiduciary duty to monitor or correct Local 1033's alleged deficient contributions. Absent any cognizable fiduciary duty, Plaintiff's claims against the Trust and the Trustee are dismissed.

**IV.    Local 115**

Local 115 moves to dismiss Plaintiff's federal claims under LMRA, ERISA and the Labor Management Reporting Disclosure Act ("LMRDA"), on the basis that Plaintiff is not a covered-employee under the CBA, and therefore, according to Local 115, Plaintiff has never been admitted to membership in Local 115. In support of its view, Local 115 relies on the same NLRB decision,

8

which I have discounted *supra*, and a certification from Robert Freiling, Local 115 Recording Secretary. However, I cannot consider these extraneous documents outside of Plaintiff's pleadings on a motion to dismiss. *See Tubbs v. N. Am. Title Agency*, 389 Fed. Appx. 104, 105 (3d Cir. 2010).[7] Because Local 115 does not raise any other bases to dismiss Plaintiff's claims under these federal statutes, i.e., LMRA, ERISA and LMRDA, I cannot grant Local 115's motion to dismiss as to these claims.

Plaintiff also asserts other miscellaneous claims against Local 115. For one, it appears Plaintiff asserts a violation of a Consent Decree, entered on March 14, 1989 in *United States v. International Brotherhood of Teamsters*, Case No. 88-4486, regarding unrelated labor issues. I need not go into the details of that Consent Decree because any claims arising out of this Decree must be brought in the United States District Court for the Southern District of New York pursuant to a nationwide injunction issued pursuant to the All Writs Act. *See U.S. v. IBT*, 728 F. Supp. 1032 (S.D.N.Y. 1990), *aff.,* 907 F.2d 277 (2d Cir. 1990). This claim against any of the defendants is dismissed.

---

[7] I do not agree with Local 115's contention that the issue whether Plaintiff is a covered-employee is a question related to this Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In fact, Local 115 has not cited any authority to support such a position. Rather, the question whether Plaintiff is a full time non-managerial employee is a contractual issue which must be determined by construing the terms and definitions of the CBA. *See, e.g., Teamsters Indus. Employees Welfare Fund v. Rolls' Royce Motor Cars, Inc.*, 989 F.2d 132, 135-38 (3d Cir. 1993)(finding that the question whether certain employees fall within the purview of a particular CBA, involves the interpretation of the terms of the CBA); *In re An Application to Enjoin the Ouster of Union membership between: Puma and Sheet Metal Workers' International Association, Local Union No. 137*, 862 F. Supp. 1077, 1080 (S.D.N.Y. 1994); *McLaughlin v. Jones*, No. 14-3430, 2015 U.S. Dist. LEXIS 10245, at *20 (D.N.J. Jan. 29, 2015)(applying Rule 12(b)(6) standard to determine whether the plaintiff had sufficiently allege his membership in a CBA). Thus, the proper avenue to dismiss claims involving the question whether a plaintiff is covered under a CBA is Rule 12(b)(6). In any event, because I am directing Plaintiff to file a second amended complaint to include all of his allegations in one complaint, Local 115 shall have another opportunity to move to dismiss Plaintiff's federal claims, pursuant to ERISA, LMRA and LMRDA, against it under Rule 12(b)(6).

Next, it is not clear if Plaintiff is bringing any claims pursuant to the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 141 and 159(a). Indeed, Plaintiff peppers his Complaint and Amended Complaint with references to certain unfair labor practices on the part of Local 115 without specifically citing to the NLRA. Regardless, to the extent Plaintiff seeks to bring any unfair labor claims under the NLRA, those claims are subject to dismissal because of the primary jurisdiction of the NLRB. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 242-243, 245 (1959). Indeed, the NLRB has exclusive jurisdiction over claims brought pursuant to sections 7 or 8 of the NLRA, which govern unfair labor practices. *See International Longshoremen's Ass'n, AFL-CIO v. Davis*, 476 U.S. 380, 391 (1986). Accordingly, claims premised on unfair labor practices must be brought before the NLRB if the claims are "arguably subject" to the NLRA. *See San Diego Bldg.*, 359 U.S. at 244-45; *Bergen Reg'l Med. Ctr., L.P. v. Health Prof'l & Allied Emples. Union*, 2005 U.S. Dist. LEXIS 30194, 25 (D.N.J. Nov. 28, 2005) (dismissing with prejudice claims brought subject to section seven or eight of the NLRB).[8]

Finally, it appears that Plaintiff asserts a cause of action against Defendants under § 1983. This claim is clearly without merit, because in order for a plaintiff to bring a claim under § 1983, he must allege state action under the color of state law. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1981). Plaintiff does not allege that Local 115, or any of the defendants, acted under the color of state law or that Defendants were state actors. Instead, Plaintiff's lawsuit is simply a private labor dispute that does not fall within the purview of § 1983. Plaintiff's § 1983 claim is dismissed.

---

[8] Plaintiff also asserts a "protected activity" claim under the New Jersey Constitution. While this claim is poorly pled, it does appear that this state law claim mirrors Plaintiff's unfair labor practices claims under the NRLA. As such, this state law claim is preempted by the NLRB and must be brought before the NLRA. *See San Diego Bldg.*, 359 U.S. at 244-45; *Gul v. Pamrapo Sav. Bank*, 64 F. Supp. 2d 370, 372-73 (D.N.J. 1999).

## CONCLUSION

For the reasons set forth herein, the motions filed by IBT and the Trust and its Trustee are **GRANTED**; and Local 115's motion is **GRANTED** in part and **DENIED** in part as follows: Local 115's motion to dismiss Plaintiff's claims pursuant to ERISA, LMRDA and LMRA is denied; however, all other claims against Local 115 are dismissed.  Plaintiff is directed to file a second amended complaint which shall include all allegations pled in the Original Complaint and the Amended Complaint as to Local115, consistent with this Opinion.  To be clear, IBT and the Trust and Trustees are dismissed from this case; based on this Court's decision, Plaintiff may not add additional allegations as to these particular defendants.


Dated: March 30, 2015                                         /s/ Freda L. Wolfson
                                                                              Hon. Freda L. Wolfson
                                                                              United States District Judge